The NATIONAL INDEPENDENT MEAT PACKERS ASSOCIATION, a District of Columbia not-for-profit Corporation, Iowa Beef Processors, Inc., a Delaware Corporation, J. H. Routh Packing Company, an Ohio Corporation, Missouri Beef Packers, Inc., a Missouri Corporation, Tama Meat Packing Corporation, an Iowa Corporation, Caldwell Packing Company, Inc., a Minnesota Corporation, Western Meat Packers, Inc., an Arkansas Corporation, Donner Packing Company, a Wisconsin Corporation, Big Foot Packing Company, an Illinois Corporation, Spencer Foods, Inc., a Delaware Corporation, Peet Packing Company, a Michigan Corporation, Arbogast & Bastian, Inc., a Pennsylvania Corporation, Kansas Beef Industries, Inc., a Delaware Corporation, Minden Beef Company, a Nebraska Corporation, Platte Valley Packing Company, a Nebraska Corporation, Dubuque Packing Company, an Iowa Corporation, Robel Beef Packers, Inc., a Minnesota Corporation, American Beef Packers, Inc., a Delaware Corporation, Madison Foods, Inc., a Nebraska Corporation, National Beef Packing Company, a Delaware Corporation, Roode Packing Company, a Nebraska Corporation, C. Finkbeiner, Inc., an Arkansas Corporation, Diggs Packing Company, a Missouri Corporation, and Ada Beef Company, a Michigan Co-partnership, Petitioners,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, and Russell E. Train, Administrator of the United States Environmental Protection Agency, Respondents.

No. 74–1387.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 30, 1977.

Decided Nov. 10, 1977.

Rehearing and Rehearing En Banc Denied Jan. 3, 1978.

G. Robert Johnson, Minneapolis, Minn., argued, Allen Hinderaker of Popham, Haik, Schnobrich, Kaufman & Doty, Minneapolis, Minn., and Stephen L. Schaeffer, Dakota City, Neb., on brief, for petitioners.

James A. Rogers, Deputy Associate Gen. Counsel, U. S. Environmental Protection Agency, Washington, D. C., and Lloyd S. Guerci, Atty., Division of Land & Natural Resources, Dept. of Justice, Washington, D. C., argued, James W. Moorman, Acting Asst. Atty. Gen., Alfred T. Ghiorzi and Lloyd S. Guerci, Washington, D. C., on brief, for respondents.

Richard D. Siegel of Braude, Margulies, Sacks & Rephan, Washington, D. C., and John J. Faust, St. Louis, Mo., for amici curiae, American Association of Meat Processors, et al.

Before GIBSON, Chief Judge, LAY and HEANEY, Circuit Judges.

PER CURIAM.

The petitioners seek review of regulations promulgated by the Environmental Protection Agency pursuant to the Federal Water Pollution Control Act Amendments of 1972, 33 U.S.C. § 1251 et seq., establishing effluent limitations applicable to slaughterhouses and meat-packing plants. Petitioners are the National Independent Meat Packers Association (NIMPA), an organization representing a number of relatively large slaughterhouses and meat processors throughout the nation, and some of its individual members.[1]

The petitioners advance a number of challenges to the limitations based on alleged inadequacies and inaccuracies in the technical data upon which the EPA grounded its final determination. Petitioners also contend that the Agency's final determination was not supported by the data.

The regulations established limitations on three characteristics related to the pollutant qualities in effluent: (1) BOD$_5$ (biochemical oxygen demand, or the oxygen-depleting capacity of effluent over a five day period); (2) TSS (total suspended solids, a measure of floating or suspended particles in effluent); and (3) ammonia. Limitations on these factors were established for four categories of point sources in two stages, to become effective in 1977 and 1983, respectively. The 1977 limitations were based on EPA's determination of the "best practicable control technology currently available." The 1983 limitations were based on EPA's determination of the "best available technology economically achievable."

The validity of these regulations was fully considered by the Seventh Circuit in *American Meat Institute v. EPA,* 526 F.2d 442 (7th Cir. 1975). After extensive consideration, the Seventh Circuit upheld all of

1. The American Association of Meat Processors has filed an amicus curiae brief asserting the contentions of small-scale meat processors with regard to the regulations in question. Although the issues raised by amicus cannot enlarge the issues raised by the parties, the EPA has assured this court that the Agency is reconsidering the regulations as they affect small-scale operations and has documented its efforts. We understand a part of the EPA reevaluation is the exploration of the possibility of an exemption for small plants similar to that established at 40 C.F.R. § 432.101(b) for small-scale rendering plants.

the limitations under review with the exception of the 1983 ammonia limitations and the 1977 and 1983 TSS limitations for complex slaughterhouses, which were remanded to the Agency for further consideration. The EPA is presently reconsidering those limitations, and the Seventh Circuit has retained jurisdiction over the remand proceedings.

■ Uniform regulation of water pollution on a nationwide basis was a major purpose of the Federal Water Pollution Control Act Amendments. *See E. I. duPont de Nemours & Co. v. Train,* 430 U.S. 112, 136, 97 S.Ct. 965, 51 L.Ed.2d 204 (1977). We are confident that inter-circuit conflicts as to the validity of regulations promulgated pursuant to the Act would seriously impede the EPA's ability to effectively implement the program envisioned by Congress in passing the Act. The interest in avoiding inter-circuit conflicts is especially strong when the potentially conflicting decisions would present different interpretations of federal law intended to be uniformly applied on a nationwide scale.

■ Because uniform regulation of water pollution was the primary purpose of this legislation, any requirements imposed by this court at variance with those already imposed by the Seventh Circuit in *American Meat Institute* would be highly undesirable. The same strong policy interests which prompted passage of the Act to "restore

and maintain the chemical, physical, and biological integrity of the Nation's waters," 33 U.S.C. § 1251(a), militate in this case against subjecting the Agency to different requirements and creating disparate enforcement of the Act according to geographical area. These factors lend strong support to the conclusion that this court should defer to the judgment of the Seventh Circuit as to the validity of the limitations. *Cf. American Iron and Steel Institute v. EPA,* 560 F.2d 589 (3d Cir., filed Aug. 10, 1977) (AISI II).

■ A review of the briefs and oral arguments in this action reveals that essentially all of the technical contentions raised by the petitioners in this court were presented to the Seventh Circuit in the *American Meat Institute* case.[2] Moreover, the EPA has indicated that NIMPA could participate by intervention in the administrative proceedings being conducted with regard to revising the limitations remanded in *American Meat Institute.*

■ This case involves review of the administrative determination of technical factors within the Agency's area of expertise. Judicial review is limited to a determination of whether the decision is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). *See also Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402,

---

**2.** The petitioners assert two nontechnical challenges to the regulations promulgated by the Agency. First the petitioners allege that the EPA acted arbitrarily and capriciously in failing to adopt the recommendations of the Effluent Standards and Water Quality Information Advisory Committee (ES&WQIAC). ES&WQIAC was created by Congress, 33 U.S.C. § 1374, to act as an advisory committee to EPA in the promulgation of effluent standards. ES&WQIAC criticized the "exemplary plant" methodology used by EPA and recommended that a "matrix system" be used. The EPA argues that since the matrix system had not been fully developed, its failure to employ that method cannot be considered arbitrary and capricious. We agree.

The petitioners' second nontechnical challenge to the regulations is that the EPA's failure to identify the exemplary plants in the publication of proposed regulations denied the

petitioners an opportunity to meaningfully participate in the rulemaking proceedings. The petitioners rely on *Portland Cement Association v. Ruckelshaus,* 158 U.S.App.D.C. 308, 486 F.2d 375 (1973), *cert. denied,* 417 U.S. 921, 94 S.Ct. 2628, 41 L.Ed.2d 226 (1974), as the basis for this contention.

The present case is distinguishable from *Portland Cement,* however. In that case, the tests relied on by the Agency in formulating air pollution control standards were not revealed until *after* the rules had been formally adopted. Here, the data relied on by the EPA was disclosed in the proposed regulation document. Only the identity of the exemplary plants was omitted from the published document, and that information was available upon request. We find the procedure sufficient for a notice and comment rulemaking procedure. *See* K. Davis, Administrative Law of the Seventies § 6.01–1 (1976).

416, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971); *National Renderers Association v. EPA,* 541 F.2d 1281, 1285 (8th Cir. 1976). Thus, we are not confronted with any difficult legal issues which should be allowed to "mature through full consideration by the courts of appeals." *E. I. duPont de Nemours & Co. v. Train, supra,* 430 U.S. at 135 n. 26, 97 S.Ct. at 978.

The Seventh Circuit has fully considered the regulations and that court retains jurisdiction over the matters remanded in *American Meat Institute.* We join in that decision and find that the regulations are not arbitrary, capricious, and that their promulgation did not constitute an abuse of discretion. Our limited review of petitioners' challenge does not point up any glaring deficiencies in the regulations or in the analysis of the Seventh Circuit. In view of the comity considerations discussed and in the interests of effective implementation of the comprehensive program for water pollution control envisioned in the Act without setting forth plenary analysis, we accept the decision of our sister circuit.

The petition for review is dismissed.