# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1719

_____

United States of America,     \*

            \*

     Appellee,     \*

            \*  Appeal from the United States

   v.         \*  District Court for the

            \*  Eastern District of Missouri.

Corey Louis Hines,     \*

            \*    [PUBLISHED]

     Appellant.    \*

_____

Submitted: October 18, 2006
Filed: January 8, 2007

_____

Before SMITH, BOWMAN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

  Corey Louis Hines was convicted of conspiracy to commit social security fraud, misuse of a social security number, aiding and abetting the misuse of a social security number, and aggravated identity theft. Hines challenges: (1) the denial by the District Court[1] of his motion for a judgment of acquittal and (2) his sentence. Additionally, Hines has filed a pro se motion to remove counsel and his counsel has filed a motion to withdraw. We affirm the District Court and deny both of the motions.

_____

[1]The Honorable Henry E. Autry, United States District Judge for the Eastern District of Missouri.

Hines and his wife defrauded several retailers by obtaining credit with the name, driver's license, and social security number of a woman whose purse had been stolen. When Hines was subsequently arrested and booked, he told police that he was Joseph Miller and provided Miller's social security number. Hines later admitted in a letter to prison staff that he had used Miller's name without permission, but then testified at trial that he had paid Miller cash and marijuana for the use of his name. In addition to other charges, Hines was charged with misuse of a social security number because of his fraudulent statement made during arrest and with aggravated identity theft because the misuse involved the identification of another person. The jury returned a guilty verdict on all counts. Hines challenges the District Court's denial of his motion for an acquittal.

We review the denial of a motion for an acquittal de novo, examining the sufficiency of the evidence in the light most favorable to the jury verdict, and will reverse only if no reasonable jury could have found the defendant guilty. United States v. Howard, 413 F.3d 861, 864 (8th Cir. 2005). Because Hines only raised a meaningful argument on the sufficiency of his identity-theft conviction, we will only address that count. See Chay-Velasquez v. Ashcroft, 367 F.3d 751, 756 (8th Cir. 2004) (points not argued in brief are waived).

To support a conviction for aggravated identity theft, the government must prove that the defendant (1) knowingly used (2) the "means of identification" of another person (3) without lawful authority (4) during and in relation to a violation of 42 U.S.C. § 408 (a)(7)(B) (misuse of a social security number). 18 U.S.C. § 1028A(a)(1), (c)(11); United States v. Montejo, 353 F. Supp. 2d 643, 655 (E.D. Va. 2005), aff'd, 442 F.3d 213 (4th Cir.), cert. denied, 127 S. Ct. 366 (2006). The term "means of identification" includes another person's name or social security number. 18 U.S.C. § 1028(d)(7)(A). The government satisfied the "knowingly" requirement with Hines's admission that he provided another person's name to police. See United States v. Crounsset, 403 F. Supp. 2d 475, 483 (E.D. Va. 2005) ("knowingly"

requirement satisfied by proof that defendant knew identification was fraudulent). Hines's use of Miller's name and social security number satisfied the "means of identification" requirement. Whether Hines used Miller's name without permission (as Hines claimed in his letter) or he obtained Miller's consent in exchange for illegal drugs, Hines acted without lawful authority when using Miller's identification. These actions occurred during and in relation to Hines's misuse of a social security number—they occurred while Hines misused Miller's number to defraud police. A reasonable jury could have found Hines guilty of aggravated identity theft; therefore, the District Court did not err in denying Hines's motion for an acquittal.

The District Court sentenced Hines to a term of seventy-one months of imprisonment on the conspiracy and misuse counts, a consecutive term of twenty-four months on the identity-theft count, a three-year term of supervised release, and ordered restitution. This sentence resulted in part from enhancement findings that Hines: (1) was an organizer and leader of the scheme; (2) obstructed justice; and (3) defrauded ten or more victims. Hines contends that Blakely v. Washington, 542 U.S. 296 (2004), requires that a jury find these enhancement facts beyond a reasonable doubt. We review the District Court's application of the sentencing guidelines de novo and its findings of fact for clear error. United States v. Mashek, 406 F.3d 1012, 1016–17 (8th Cir. 2005).

Hines's argument fails under Booker[2] and this Court's post-Booker precedent. See United States v. Brave Thunder, 445 F.3d 1062, 1065 (8th Cir. 2006) (after Booker, "judicial factfinding is permissible at sentencing so long as the district court understands that the sentencing guidelines are advisory only"); United States v. Garcia-Gonon, 433 F.3d 587, 593 (8th Cir. 2006) ("Under an advisory Guidelines regime, sentencing judges are only required to find sentence-enhancing facts by a preponderance of the evidence."). The District Court properly applied the guidelines

---

[2]United States v. Booker, 543 U.S. 220 (2005).

as advisory; therefore, under the governing case law, a jury determination beyond a reasonable doubt was not required.

We affirm Hines's conviction and sentence. Hines's motion to remove counsel and his counsel's motion to withdraw are denied.

_____