# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1402

_____

| | | |
|---|---|---|
| United States, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Lemont Amos, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: October 17, 2007
Filed: October 25, 2007

_____

Before BYE, BOWMAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

A jury convicted Lemont Amos on a charge of being a felon in possession of a firearm. The District Court[1] sentenced him to seventy months in prison. Amos appeals, challenging both his conviction and his sentence. We affirm.

On September 18, 2005, at about 2:00 a.m., tow truck operator William Benfer, Jr., was following a white Cadillac, driven by a man he later identified as Amos, westbound on 31st Street in Kansas City, Missouri. Amos was driving erratically,

_____

[1]The Honorable Fernando J. Gaitan, Jr., Chief Judge, United States District Court for the Western District of Missouri.

making it difficult to pass him, so Benfer began honking, flashing his lights, and tailgating the Cadillac. When the vehicles were stopped side by side at a traffic light, Amos pointed an orange-tipped BB gun at Benfer. A few minutes later, when the two were again stopped next to each other at a traffic light, Amos pointed a silver handgun at him. At this point, Benfer called his dispatcher to report the incident, his location, and the Cadillac's license plate number, and the dispatcher notified the police. The Cadillac's registration led police to Amos's residence.

When two uniformed police officers arrived at the residence in their marked car at about 2:15 a.m., they saw Amos standing near a white Cadillac parked in the driveway. The officers identified themselves and ordered Amos to show his hands and move toward them, but he moved toward the house instead. Amos continued to refuse to obey the officers, but they caught up to him on the porch before he was able to get into the house and tried to handcuff him. Amos resisted and a struggle followed. As the officers took Amos to the ground, a shiny object fell from his pocket or waistband. After Amos was handcuffed, one of the officers recovered a silver, snub-nosed .38 caliber revolver from the area of the struggle. No identifiable fingerprints were recovered from the gun. At trial, Amos's defense was summed up by the testimony of Eddie Wharton, who said he had approached Amos just moments before the police arrived and offered to sell him the revolver, but Amos had slapped the gun out of Wharton's hands, and it had landed where the officer found it.

For his first issue on appeal, Amos argues that the District Court erred in instructing the jury that "possession" may be actual or constructive because, he contends, there was insufficient evidence from which a jury could find that he constructively possessed the handgun. Amos first raised this issue in his motion for judgment of acquittal or a new trial. Because he did not object to the instruction when it was given, we review only for plain error. See United States v. Ramon-Rodriguez, 492 F.3d 930, 938 (8th Cir. 2007). That is, Amos cannot prevail unless he demonstrates error that is not only clear under the law but also affects his substantial

rights.  See id.  On this record, even assuming it might have been error to give a constructive possession instruction, we conclude there was no plain error because Amos's substantial rights were not affected.

As for his sentence, Amos challenges the four-level enhancement to his base offense level that the District Court imposed under the Sentencing Guidelines for using or possessing a firearm in connection with another felony.  We review the court's factual findings for clear error and its application of the Guidelines de novo. United States v. Thomas, 480 F.3d 878, 881 (8th Cir. 2007), petition for cert. filed, No. 07-6424 (Sept. 7, 2007).  The record amply supports a finding by a preponderance of the evidence that Amos possessed and used a handgun to threaten Benfer, a felony in Missouri.

Amos again takes exception to the jury instruction defining "possession," this time to challenge his sentence.  According to Amos, the jury, which issued a general verdict, may have convicted him based on constructive possession of the revolver, while actual possession of the gun would be required for the enhancement to apply. He contends that this scenario results in a violation of the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), because the jury may not have found beyond a reasonable doubt that he **actually** possessed the handgun.  But a jury finding is not required.  Since Booker, we have held that if the Guidelines are applied as advisory instead of mandatory, as they were here, then the sentencing judge may find facts by a preponderance in order to increase a base offense level using a Guidelines enhancement.  See United States v. Hines, 472 F.3d 1038, 1040 (8th Cir.) (per curiam), cert. denied, No. 07-5148, 2007 WL 2005142 (U.S. Oct. 1, 2007).

Finally, Amos argues that the District Court erred in denying his motion for judgment of acquittal or, in the alternative, a new trial.  We disagree.  Upon de novo review, viewing the evidence in the light most favorable to the jury verdict, we conclude there was sufficient credible evidence to prove beyond a reasonable doubt

that Amos possessed the revolver in question. <u>See</u> <u>United States v. Rastegar</u>, 472 F.3d 1032, 1035 (8th Cir. 2007) (standard of review).

The judgment of the District Court is affirmed.

_____