**UNITED STATES of America,**
**Plaintiff,**

v.

**Hector MATA–LARA, Defendant.**

**No. 07–CR–92–LRR.**

United States District Court,
N.D. Iowa,
Cedar Rapids Division.

Nov. 29, 2007.

888

Richard L. Murphy, U.S. Attorney's Office, Cedar Rapids, IA, for Plaintiff.

**ORDER**

LINDA R. READE, Chief Judge.

## TABLE OF CONTENTS

I. INTRODUCTION ................................................................888

II. RELEVANT PRIOR PROCEEDINGS ........................................889

III. FACTUAL BACKGROUND ...............................................889

IV. ANALYSIS .................................................................890
    A. Authority to Entertain the Motion .......................................890
        1. Request to determine the elements of 18 U.S.C. § 1028A(a)(1) ..........890
        2. Request to dismiss Counts 3 and 5 of the Indictment ..................892
    B. Determination of the Elements of 18 U.S.C. § 1028A(a)(1) .................893

V. DISPOSITION ...............................................................896

### I. INTRODUCTION

The matter before the court is Defendant Hector Mata–Lara's "Combined Motion to Dismiss Counts 3 and 5 and Motion for Legal Ruling on Elements of Offense" ("Motion") (docket no. 12).

## II. RELEVANT PRIOR PROCEEDINGS

On October 2, 2007, Defendant was charged in a five-count Indictment. Count 1 charges Defendant with Making a False Statement on an I-9 Form to Obtain Unlawful Employment, in violation of 18 U.S.C. § 1015(e). Counts 2 and 4 charge Defendant with Using a False Identification Document to Obtain Unlawful Employment, in violation of 18 U.S.C. § 1546(b). Counts 3 and 5 charge Defendant with Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1).

On November 1, 2007, Defendant filed the Motion. On November 16, 2007, the government filed a Resistance.

On November 19, 2007, the parties entered into a Plea Agreement ("Plea Agreement") (docket no. 23-2). Defendant agreed to plead guilty to Counts 1, 2 and 3 of the Indictment. The Plea Agreement is silent as to Counts 4 and 5.

On November 20, 2007, Defendant appeared before an United States Magistrate Judge and pled guilty to Counts 1, 2 and 3. Defendant's plea as to Count 3 was conditional, pursuant to Federal Rule of Criminal Procedure 11(a)(2). Defendant contemporaneously reserved the right to appeal an adverse ruling on the Motion. The court has not yet accepted Defendant's guilty pleas, and this case remains set for trial on December 3, 2007.

## III. FACTUAL BACKGROUND [1]

The Plea Agreement contains a stipulation of facts. *See* Plea Agreement at ¶¶ 20(A)-(F).[2] The parties agree that the following facts are true:

Defendant was born in Mexico on February 6, 1989. Plea Agreement at ¶ 20(A). Defendant's true name is Hector Manuel Mata-Lara. *Id.*

On or about March 15, 2007, Defendant entered the United States with the help of a smuggler. *Id.* at ¶ 20(B). Prior to his entry, Defendant did not have the authorization or consent of the Attorney General or his successor, the Secretary of Homeland Security. *Id.*

On about April 12, 2007, Defendant applied for a job through Advance Services, Inc., in Cedar Rapids, Iowa. *Id.* at ¶ 20(C). During the application process, Defendant completed an I-9 form in the name of "Oracio Garcia." *Id.* Defendant checked a box on the I-9 form to indicate that he was "[a] citizen or national of the United States," which he knew to be untrue. *Id.* Defendant signed the form under penalty of perjury. *Id.* Defendant's immigration status was a material fact to be included on the I-9 form. *Id.* Prospective employees are required to compete the I-9 form, and employers are required to maintain it. *Id.*

Defendant also displayed a social security card, ending in the digits "3126," and a California identification card, ending in the digits "5487," in order to obtain employment through Advance Services, Inc. *Id.* Both the social security card and the California identification card were in the name of "Oracio Garcia." *Id.* Defendant intentionally did not obtain documents in his true name, because he was in the country illegally and feared use of his true name could lead to detection of his immigration status. *Id.*

---

**1.** The facts are included for the sake of background and completeness only. Because the court does not rule on Defendant's request for dismissal of the Indictment, the facts played no part in the court's analysis of the Motion. *See infra* Part IV.A.

**2.** The Plea Agreement contains two paragraphs numbered "20." All references in the instant order are to the first paragraph numbered "20."

Defendant knew that the social security card and the California identification card were false documents. *Id.* He knew that neither card had been issued lawfully for his use. Defendant intentionally did not investigate to whom the identities and identification numbers belonged. *Id.* In fact, both documents belonged to another person. *Id.*

On or about July 29, 2007, Defendant applied for a job at Villa's Patio and Mexican Restaurant in Marion, Iowa. *Id.* at ¶ 20(D). Defendant displayed the same social security card and California identification cards bearing the name of "Oracio Garcia" that he provided to Advance Services, Inc. *Id.* Again, Defendant displayed such cards for the purpose of obtaining employment and knowing that they were false and not issued lawfully for his use. *Id.*

On about September 27, 2007, several agents with Immigration and Customs Enforcement ("ICE") were trying to find another individual near Defendant's apartment complex in Cedar Rapids. *Id.* at ¶ 20(E). The ICE agents asked Defendant if he knew this individual, and Defendant stated "no." *Id.* The ICE agents then asked Defendant about his citizenship status. *Id.* Defendant admitted he was in the United States illegally, and the ICE agents administratively arrested him. *Id.*

## IV. ANALYSIS

In the Motion, Defendant asks the court to (1) declare the elements of Aggravated Identity Theft, 18 U.S.C. § 1028A(a)(1), and (2) dismiss Counts 3 and 5 of the Indictment.[3] The government contends that the Motion is premature and, in the alternative, resists the entirety of the Mo-

tion on its merits. The court considers the parties' arguments, in turn.

### A. Authority to Entertain the Motion

#### 1. Request to determine the elements of 18 U.S.C. § 1028A(a)(1)

Defendant contends that Rule 12(b)(2) provides the court with the authority determine of the elements of 18 U.S.C. § 1028A(a)(1) at this stage in the proceedings. Rule 12(b)(2) provides:

**Rule 12. Pleadings and Pretrial Motions**

\*　　\*　　\*　　\*　　\*　　\*

**(b) Pretrial Motions.**

\*　　\*　　\*　　\*　　\*　　\*

**(2) Motions That May Be Made Before Trial.** A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue.

Fed.R.Crim.P. 12(b)(2) (emphasis in original).

■ Although there are no Eighth Circuit Court of Appeals cases on point, the undersigned has repeatedly held in a series of unpublished orders that Rule 12(b)(2) authorizes the court to determine the elements of a charged offense. *See, e.g., United States v. Aguilar–Morales,* No. 07–CR–75–LRR, 2007 WL 2903189, \*1 (N.D.Iowa Oct.2, 2007); *United States v. Ordonez-Alquijay,* No. 07–CR–54–LRR, 2007 WL 2710805, \*1 (N.D.Iowa Sept.13, 2007); *United States v. Garcia–Xclhua,* No. 07–CR–10–15–LRR, 2007 WL 2710801, \*1 (N.D.Iowa Sept.13, 2007). After the undersigned issued such orders, the Honorable Mark W. Bennett, the other active district court judge in this District,

---

**3.** The Motion is styled as a "Combine Motion to Dismiss Counts 3 and 5 of the Indictment and Motion for Legal Ruling on Elements of Offenses." Logic dictates, however, that a determination of elements of 18 U.S.C. § 1028A(a)(1) would have to precede any dismissal of Counts 3 and 5. The court focuses on the substance of the Motion and not its label.

reached the same conclusion. *See, e.g., United States v. Salazar–Montero,* 520 F.Supp.2d 1079, 1083–85 (N.D.Iowa 2007). The undersigned adopts the analyses in these decisions and again holds that Rule 12(b)(2) authorizes the court to determine the elements of an charged offense before trial. Four additional points must be emphasized:

First, the plain language of Rule 12(b)(2) authorizes the Motion. Rule 12(b)(2) states that "a party may raise by pretrial motion any … request that the court can determine without a trial of the general issue." Fed.R.Crim.P. 12(b)(2). "[T]he general issue" is whether the defendant is guilty of the charged offenses. *See, e.g., United States v. Cline,* 362 F.3d 343, 349 (6th Cir.2004) ("Determining the legal meaning of [a domestic violence order] did not require trial of the general issue of guilt on any count and thus did not invade the province of the jury."); *United States v. Suescun,* 237 F.3d 1284, 1286 (11th Cir. 2001) (defining "trial of the general issue" as "whether [the defendant] was guilty of the charged offenses"). Insofar as Defendant asks the court to determine the elements of 18 U.S.C. § 1028A(a)(1), a ruling on the Motion does not require "a trial of the general issue." Fed.R.Crim.P. 12(b)(2). Such a determination is purely a matter of statutory construction, in which the court focuses on the language of 18 U.S.C. § 1028A(a)(1) and need not make any factual findings.

■ Second, the court disagrees with the government's argument that a pretrial determination of the elements "is pre-mature and amounts to a request for an impermissible advisory opinion or declaratory judgment." Brief in Support of Resistance (docket 14–2), at 2. While a determination of the elements of an offense is advisory in the sense that it informs the Defendant of the elements of the crimes under which he is charged, such a declaration is not impermissibly advisory in the relevant constitutional sense. It cannot be disputed that there is an Article III "case or controversy" before the court: Defendant is charged with federal crimes and faces a substantial amount of time in a federal prison. The relevant constitutional inquiry is whether determination of the elements of one of those crimes will affect Defendant's behavior. *See Hewitt v. Helms,* 482 U.S. 755, 761, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987) ("The real value of the judicial pronouncement-what makes it a proper judicial resolution of a 'case or controversy' rather than an advisory opinion-is the settling of some dispute which affects the behavior of the defendant towards the plaintiff." (Emphasis in original.)). A pretrial determination of the elements of 18 U.S.C. § 1028A(a)(1) will undoubtedly affect Defendant's trial strategy.

■ Third, there is little risk that motions to determine the elements of charged offenses will clog the courts. Defendants are likely to file such motions only when there is a relatively new criminal statute that appellate courts have not had much time to digest; where the elements of a crime are well-settled, Defendants are unlikely to ask the court to state the obvious.[4] In the event that motions to determine the elements of charged offenses are imprudently filed, the court retains the discretion to defer ruling on such motions until trial for "good cause." Fed. R.Crim.P. 12(d). For example, "[i]f there are factual issues 'inevitably bound up with evidence about the alleged offense itself,' they may need to be deferred until trial."

---

**4.** Section 1028A is a relatively new statute, *see* Identity Theft Penalty Enhancement Act, No. 108–275, § 2(a), 118 Stat. 831, 831 (2004), and there is presently little discussion of it in reported cases.

*United States v. Grimmett,* 150 F.3d 958, 962 (8th Cir.1998) (quoting *United States v. Wilson,* 26 F.3d 142, 159 (D.C.Cir.1994)).

Fourth, it is entirely questionable whether a motion to determine the elements of the charge will result in any additional work for the court. If a defendant notifies the court of his intention to plead guilty, the court must ordinarily determine the elements of the offense in order to ensure, during the court's colloquy with the defendant, that such plea comports with the Constitution and the relevant rules of criminal procedure. *See* Fed.R.Crim.P. 11; *see, e.g., Bousley v. United States,* 523 U.S. 614, 618–19, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) ("[P]etitioner contends that the record reveals that neither he, nor his counsel, nor the court correctly understood the essential elements of the crime with which he was charged. Were this contention proved, petitioner's plea would be ... constitutionally invalid."). If a defendant does not plead guilty and takes the matter to trial, the court will have to craft jury instructions that accurately state the elements of the charged offense. *See Salazar–Montero,* 520 F.Supp.2d at 1084 (observing that a declaration of the elements of an offense "is more often an integral part of creation of jury instructions").

Accordingly, the court holds that Rule 12(b)(2) provides the court authority to determine the elements of 18 U.S.C. § 1028A(a)(1). This portion of the Motion is properly before the court and will be considered in Part IV.B of the instant Order.

### 2. Request to dismiss Counts 3 and 5 of the Indictment

Defendant contends that, once the court determines the elements of 18 U.S.C. § 1028A(a)(1), it must dismiss Counts 3 and 5 of the Indictment. Defendant speculates that the government has insufficient evidence to prove that he is guilty of Counts 3 and 5, because it has no direct evidence that he knew that his fake documents belonged to another actual person. Specifically, Defendant represents to the court that "review of the discovery provided by the government provided no evidence ... that the Defendant knew that either the social security card/social security number or the information on the California i. d. [sic] card was assigned to an actual person...." Brief in Support of Motion (docket no. 12–2), at 2. In other words, Defendant mounts a sufficiency-of-the-evidence defense to Counts 3 and 5. The government responds generally that Defendant's argument "can and should be resolved, if necessary, at trial." Brief in Resistance (docket no. 14–2), at 2.

■ It is settled that "[t]here is no authority under Rule 12 ... to dismiss on the basis of a sufficiency-of-the-evidence defense which raises factual questions embraced in the general issue." *United States v. Brown,* 481 F.2d 1035, 1041 (8th Cir. 1973) (citing *United States v. Knox,* 396 U.S. 77, 83, 90 S.Ct. 363, 24 L.Ed.2d 275 (1969)); *see, e.g., United States v. Kowal,* 486 F.Supp.2d 923, 934–35 (N.D.Iowa 2007) (denying motion to dismiss as procedurally infirm). " 'The government is entitled to marshal and present its evidence at trial, and have its sufficiency tested by a motion for acquittal pursuant to Federal Rule of Criminal Procedure 29.' " *United States v. Ferro,* 252 F.3d 964, 967–68 (8th Cir.2001) (quoting *United States v. DeLaurentis,* 230 F.3d 659, 661 (3d Cir.2000)). The court " 'simply cannot approve dismissal of an indictment on the basis of predictions as to what the trial evidence will be.' " *Id.*

Accordingly, the court shall deny the Motion to the extent that it seeks dismissal of Counts 3 and 5. This portion of the Motion is not properly before the court.

## B. Determination of the Elements of 18 U.S.C. § 1028A(a)(1)

The court now determines the elements of 18 U.S.C. § 1028A(a)(1). The court begins its analysis with the plain language of the statute. *See United States v. Cacioppo*, 460 F.3d 1012, 1016 (8th Cir.2006) ("It is well established that [the Eighth Circuit Court of Appeals] commence[s] any statutory interpretation with the statute's plain language."). In relevant part, § 1028A provides:

(a) **Offenses.**—

(1) **In general.**—Whoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years.

\*    \*    \*    \*    \*    \*

(c) **Definition.**—For purposes of this section, the term "felony violation enumerated in subsection (c)" means any offense that is a felony violation of-

\*    \*    \*    \*    \*    \*

(7) any provision contained in chapter 75 (relating to passports and visas) . . . .

*Id.* § 1028A (emphasis in original).[5]

The fighting issue is the level of intent required to prove a conviction for 18 U.S.C. § 1028A(a)(1). The government argues that it needs to prove that Defendant knowingly used a means of identification of another person. Defendant posits that the government must prove not only that he knowingly used the means of identification of another person, but also that he knew that such means of identification belonged to an actual person.

The court adopts the government's proposed construction of 18 U.S.C. § 1028A(a)(1), because it comports with the plain and unambiguous language of such statute. To prove that Defendant is guilty of Counts 3 and 5, the government must prove that he (1) knowingly transferred, possessed or used (2) the "means of identification" of another person (3) without lawful authority (4) during and in relation to a violation of a felony enumerated in § 1028A(c). 18 U.S.C. § 1028A(a)(1). This recitation of the elements of 18 U.S.C. § 1028A(a)(1) more closely tracks the plain and unambiguous language of the statute. "Where . . . the statute's language is plain, the sole function of the courts is to enforce it according to its terms." *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989); *see, e.g., Cacioppo*, 460 F.3d at 1016 ("Where the language is plain, we need inquire no further.").

Defendant's proposed construction would require the government to prove a fifth element, namely, (5) Defendant knew that the aforementioned means of identification belonged to an actual person. The problem with Defendant's construction is the plain language of the statute does not require his proposed fifth element. If Congress had intended to saddle the government with the burden to prove that Defendant knew that his fraudulent documents belonged to an actual person, it would have said so. Congress placed the adverb "knowingly" near the verbs "transfers," "possesses" and "uses"; it did not place "knowingly" or a related word near the phrase "of another person." The Eighth Circuit Court of Appeals has previously held that "the adverb 'knowingly'

---

**5.** There is no dispute that some of Defendant's other felony charges are enumerated in 18 U.S.C. § 1028A(c). Counts 2 and 4 each charge Defendant with Using a False Identification Document to Obtain Unlawful Employment, in violation of 18 U.S.C. § 1546(b). Subsection 1546(b) is found in chapter 75 of the United States Code.

precedes and explicitly modifies *the verbs* that describe the activities that violate the act." *United States v. Sinskey,* 119 F.3d 712, 717 (8th Cir.1997) (emphasis added) (construing 33 U.S.C. § 1319(c)(4)).

This is not a case in which failure to impute the adverb "knowingly" across the elements of the statute will result in punishing individuals who are unaware that they are engaging in criminal conduct. *Cf. United States v. X–Citement Video, Inc.,* 513 U.S. 64, 68–9, 115 S.Ct. 464, 130 L.Ed.2d 372 (1994); *Liparota v. United States,* 471 U.S. 419, 421, 105 S.Ct. 2084, 85 L.Ed.2d 434 (1985). To the contrary, any use of the "means of identification" of another person without lawful authority during and in relation to a violation of a felony is hardly innocent activity—regardless of whether or not the defendant actually knows that the means of identification belongs to another person.

█ The court's construction of 18 U.S.C. § 1028A(a)(1) is consistent with *United States v. Hines,* 472 F.3d 1038, 1039–40 (8th Cir.) (per curiam), *cert. denied,* —— U.S. ——, 128 S.Ct. 235, 169 L.Ed.2d 170 (2007). In *Hines,* the Eighth Circuit Court of Appeals stated that, in order to sustain a conviction under such statute, the government must prove the defendant "(1) knowingly used (2) the means of identification of another person (3) without lawful authority (4) during and in relation to a violation of [a felony enumerated in § 1028A(c)]." 472 F.3d at 1039. Admittedly, *Hines's* recitation of the elements of 18 U.S.C. § 1028A(a)(1) was technically *dicta,* because in *Hines* there was no question that the defendant knew the identification he used belonged to another person; the defendant's defense was that he had the permission of that other person to use the latter's means of identification.

*Id.* That said, *Hines* is a strong indication that the Eighth Circuit Court of Appeals is likely to reject Defendant's argument that the government must prove his proposed fifth element. This court may not disregard the Eighth Circuit Court of Appeals's statements in *dicta,* but instead must give them respectful consideration. *See Wilson v. Zoellner,* 114 F.3d 713, 722 (8th Cir. 1997) (citing *Fix Fuel & Material Co. v. Wabash R.R. Co.,* 243 F.2d 110, 114 (8th Cir.1957)).

The court's construction of 18 U.S.C. § 1028A(a)(1) is also consistent with the well-reasoned decisions of the Fourth and Eleventh Circuit Courts of Appeals. The Fourth Circuit Court of Appeals reasoned:

> The word "knowingly" in this case is an adverb that modifies the verbs "transfers, possesses, [and] uses." "Without lawful authority" is an adverbial phrase that also modifies these verbs. The direct object of these transitive verbs is "a means of identification," a nominal phrase that is further modified by the adjectival prepositional phrase "of another person." Together, "transfers, possesses, or uses . . . a means of identification of another person" forms a predicate.
>
> We think that, as a matter of common usage, "knowingly" does not modify the entire lengthy predicate that follows it. Simply placing "knowingly" at the start of this long predicate does not transform it into a modifier of all the words that follow. Good usage requires that the limiting modifier, the adverb "knowingly," be as close as possible to the words which it modifies, here, "transfers, possesses, or uses."

*United States v. Montejo,* 442 F.3d 213, 215 (4th Cir.2006) (citations omitted), *aff'g* 353 F.Supp.2d 643 (E.D.Va.2005).[6] The

---

**6.** *Hines* cited the *Montejo* district court decision with approval when it recited the ele-

ments of 18 U.S.C. § 1028A(a)(1).

Eleventh Circuit Court Appeals similarly observed:

The fact that the word "knowingly"—an adverb—is placed before the verbs "transfers, possesses, or uses" indicates that "knowingly" modifies those verbs, not the later language in the statute. If Congress had intended to extend the knowledge requirement to other portions of this subsection, it could have drafted the statute to prohibit the knowing transfer, possession, or use, without lawful authority, of the means of identification "known to belong to another actual person." An extension of the knowledge requirement to the phrase "of another person" in § 1028A(a)(1), as advocated by [the defendant], would allow a defendant to use the identification of another person fraudulently in the commission of another enumerated felony so long as the defendant remains ignorant of whether that other person is real. The plain language of § 1028A(a)(1) does not dictate such a reading.

*United States v. Hurtado,* 508 F.3d 603, 609 (11th Cir.2007) (per curiam) (citations and footnote omitted).

The Eight Circuit Court of Appeals is unlikely to part ways with the well-reasoned decisions of two of its sister courts and create a circuit-split. The Eighth Circuit Court of Appeals "adhere[s] to the policy that a sister circuit's reasoned decision deserves great weight and precedential value." *In re Miller,* 276 F.3d 424, 428–29 (8th Cir.2002) (citation and internal quotation marks omitted). "As an appellate court, [the Eighth Circuit Court of Appeals] strive[s] to maintain uniformity in the law among the circuits, wherever reasoned analysis will allow, thus avoiding unnecessary burdens on the Supreme Court docket." *Id.* at 429. "The interest in avoiding inter-circuit conflicts is especially strong when the potentially conflict-ing decisions would present different interpretations of federal law intended to be uniformly applied on a nationwide scale." *Nat'l Independent Meat Packers Ass'n v. EPA,* 566 F.2d 41, 43 (8th Cir.1977).

Finally, this court's determination of the elements of 18 U.S.C. § 1028A(a)(1) is consistent with the overwhelming majority of district court decisions on point. *See, e.g., United States v. Chavez–Quintana,* No. 07–10011–01–WEB, 2007 WL 3171795, *1, 2007 U.S. Dist. LEXIS 79387, *2 (D.Kan. Oct. 25, 2007); *United States v. Godin,* 489 F.Supp.2d 118, 120 (D.Me.2007); *United States v. Contreras–Macedas,* 437 F.Supp.2d 69, 78 (D.D.C.2006); *United States v. Crounsset,* 403 F.Supp.2d 475, 483 (E.D.Va.2005) (cited with approval in *Hines,* 472 F.3d at 1039–40); *Montejo,* 353 F.Supp.2d at 647–56 (cited with approval in *Hines,* 472 F.3d at 1039); *see also United States v. Jimenez,* 507 F.3d 13, 17 n. 3 (1st Cir.2007) ("We note, without comment, that other courts have generally construed the knowledge requirement of 18 U.S.C. § 1028A to extend only to knowledge that one lacks the lawful authority to use a means of identification, and not to require knowledge that the means of identification belongs to another."); 2 L. Sand, *et al.,* Modern Federal Jury Instructions—Criminal, No. 39A–49 (proposing model jury instruction in accordance with the majority view) & cmt. ("[W]ith respect to the ... question ... [of] whether the defendant must know that he or she was using the identity of an actual person, the answer appears to be that it does not."). *But see Salazar–Montero,* 520 F.Supp.2d at 1084–94; *United States v. Beachem,* 399 F.Supp.2d 1156, 1158 (W.D.Wash.2005). It the undersigned's view that the courts adopting the minority view have erred, because they have failed to remain focused on the plain language of the statute. *See, e.g., Beachem,* 399 F.Supp.2d at 1158 (relying in part on the fact that the title of the

18 U.S.C. § 1028A is "Aggravated Identity Theft," observing that "an intent to deprive another person of property is traditionally an element of the crime of theft," and commenting on the two-year prison term the statute mandates).

■ In the alternative, Defendant argues that the court must adopt his construction of 18 U.S.C. § 1028A(a)(1) under the rule of lenity. Because the language of 18 U.S.C. § 1028A(a)(1) is unambiguous, the rule of lenity does not apply. *See Salinas v. United States*, 522 U.S. 52, 66, 118 S.Ct. 469, 139 L.Ed.2d 352 (1997) ("The rule [of lenity] does not apply when a statute is unambiguous."); *see, e.g., Hurtado*, 508 F.3d at 609 n. 8 (declining to apply rule of lenity to 18 U.S.C. § 1028A(a)(1)); *Montejo*, 442 F.3d at 217 (same). Further, the mere fact that some courts disagree with the majority view does not automatically create an ambiguity so as to warrant application of the rule of lenity. *See Moskal v. United States*, 498 U.S. 103, 108, 111 S.Ct. 461, 112 L.Ed.2d 449 (1990) ("Nor have we deemed a division of judicial authority automatically sufficient to trigger lenity. If that were sufficient, one court's unduly narrow reading of a criminal statute would become binding on all other courts. . . .").

### V. DISPOSITION

The Motion (docket no. 12) is **GRANTED IN PART AND DENIED IN PART:**

(1) The court **GRANTS** the Motion to the extent that Defendant asks the court to determine the elements of 18 U.S.C. § 1028A(a)(1);

(2) The court **DENIES** the remainder of the Motion;

(3) To prove a violation of 18 U.S.C. § 1028A(a)(1), the government must prove that Defendant (1) knowingly transferred, possessed or used (2) the means of identification of another person (3) without lawful authority (4) during and in relation to a violation of a felony enumerated in 18 U.S.C. § 1028A(c).

(4) The time between the filing of the Motion and the date of the instant Order is excluded from consideration under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

**IT IS SO ORDERED.**