# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1676

_____

United States of America,

        Appellee,

v.

Shawn D. Reno,

        Appellant.

\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Western District of Missouri.
\*
\*   [UNPUBLISHED]
\*

_____

Submitted: September 8, 2009
Filed: October 5, 2009

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Shawn D. Reno appeals from the district court's[1] final judgment after he pleaded guilty to a drug-conspiracy charge. The district court sentenced Reno to 188 months in prison and 5 years of supervised release. For reversal, Reno argues that his appeal waiver does not apply because his guilty plea was not voluntary; that the district court's sentencing enhancements violated his Fifth and Sixth Amendment rights; that the court erroneously considered the cocaine amount that was deleted from the plea agreement in determining his sentence; and that the court erred in applying

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

an obstruction-of-justice enhancement and in failing to award him the additional 1-level reduction for acceptance of responsibility.

We find no basis in the record for questioning the voluntariness of Reno's guilty plea, but we nevertheless decline to enforce the appeal waiver because we are not satisfied that the district court sufficiently discussed the waiver provisions with Reno or inquired into his decision to waive his appeal rights. See United States v. Rojas-Coria, 401 F.3d 871, 872 n.2 (8th Cir. 2005); United States v. Andis, 333 F.3d 886, 889-91 (8th Cir. 2003) (en banc).

Concerning the merits, we conclude the district court did not violate Reno's Fifth or Sixth Amendment rights, and therefore no plain error occurred. See United States v. Pirani, 406 F.3d 543, 549 (8th Cir. 2005) (en banc) (plain-error review applies to trial court's alleged error--even one affecting constitutional right--if issue was not preserved for appeal by defendant's timely objection or assertion of right). Reno's 188-month sentence was not above the statutory maximum and the record as a whole demonstrates that the district court treated the Guidelines as advisory, so Reno had no constitutional right to a jury determination of sentence-enhancing facts. See United States v. Booker, 543 U.S. 220, 233-37, 245 (2005) (Sixth Amendment problem resulting from mandatory nature of Guidelines is remedied by making Guidelines advisory); Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) (other than prior conviction, any fact that increases penalty for crime beyond statutory maximum must be submitted to jury and proved beyond reasonable doubt); United States v. Hines, 472 F.3d 1038, 1040 (8th Cir. 2007) (per curium) (noting that judicial fact-finding is permissible at sentencing so long as district court understands that Guidelines are advisory).

We conclude there is no indication in the record that the district court considered any cocaine amount in sentencing Reno. We also conclude that there was sufficient evidence to support the obstruction-of-justice enhancement, because Reno

made several fraudulent filings with the Missouri Secretary of State's Office resulting in the prosecuting attorney being disqualified from the sentencing hearing, and Reno's attorney explained he did so in an attempt to avoid a long prison sentence. See U.S.S.G. § 3C1.1 (enhancement applies, inter alia, when defendant willfully obstructs or impedes, or attempts to obstruct or impede, prosecution or sentencing of offense); United States v. Whiting, 522 F.3d 845, 849 (8th Cir. 2008) (standard of review); United States v. Agboola, 417 F.3d 860, 867 (8th Cir. 2005) (district court has broad discretion to apply § 3C1.1 to wide range of conduct); cf. United States v. James, 328 F.3d 953, 956-57 (7th Cir. 2003) (obstruction-of-justice enhancement authorized where defendant made unsuccessful attempt to intimidate judge, prosecutor, witnesses, and court personnel by mailing copies of contracts requiring them to pay $500,000 for use of his name, which included references to Article 9 of Uniform Commercial Code, and judge inferred that defendant planned to file copies as liens against property owned by recipients).

We further conclude that there is no merit to Reno's argument that the district court erred in failing to award Reno the additional 1-level reduction for acceptance of responsibility. See U.S.S.G. § 3E1.1, comment. (n.6) (government is in best position to determine whether defendant has assisted authorities in manner that avoids preparing for trial; adjustment under § 3E1.1(b) may only be granted upon formal motion by government at time of sentencing).

Accordingly, we affirm.

_____