**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4628**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

       v.

SALVADOR SANTANA CABRERA,

                    Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:09-cr-00323-WO-1)

Submitted:  April 20, 2011         Decided:  May 2, 2011

Before MOTZ, SHEDD, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

George E. Crump, III, Rockingham, North Carolina, for Appellant. Ripley E. Rand, United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury found Salvador Santana Cabrera[1] guilty of misuse of a social security number in violation of 42 U.S.C. § 408(a)(7)(B) (2006) and identity theft in violation of 18 U.S.C. § 1028A(a)(1) (2006). Santana appeals the district court's denial of his motion for a judgment of acquittal under Fed. R. Crim. P. 29. Santana claims that he was convicted upon insufficient evidence and that the Government's theory of the case fails to meet the legal elements of 42 U.S.C. § 408(a)(7)(B).[2] We affirm.

This court reviews a district court's denial of a Rule 29 motion for a judgment of acquittal de novo. United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006). A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). The verdict of a jury must be sustained "if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by 'substantial evidence.'" Smith, 451

---

[1] Although he was indicted under the name "Salvador Santana Cabrera," the record indicates that the defendant is known by the surname of "Santana" and we will therefore refer to him as such.

[2] Because Santana's conviction under 42 U.S.C. § 408(a)(7)(B) is necessary to sustain his conviction under 18 U.S.C. § 1028A(a)(1), a reversal of the former would dictate a reversal of the latter.

F.3d at 216 (citations omitted). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks and citations omitted). An appellate court must be mindful that "[t]he jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented." Beidler, 110 F.3d at 1067 (internal quotation marks and citation omitted). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." Id. (internal quotation marks and citation omitted). Viewing the evidence in the light most favorable to the prosecution, we conclude that substantial evidence sustains the verdict below.

Santana's legal argument is that using the social security number assigned to another person in the other person's true name does not violate 42 U.S.C. § 408(a)(7)(B). We have previously stated that "[t]he elements of that offense are that the defendant (1) falsely represented a number to be her social security number (2) with the intent to deceive another person (3) for the purpose of obtaining something of value." United States v. Sparks, 67 F.3d 1145, 1152 (4th Cir. 1995).

Under the Government's theory of the case, Santana represented himself at a bank as Miguel Santiago, applied for a

3

loan naming Santiago as the personal guarantor, and furnished Santiago's social security number in conjunction with the application. Thus, Santana, with the intent to deceive the bank, falsely represented that the social security number was assigned to him (that is, his physical person), when in fact it was assigned to Santiago, in order to obtain a loan. Such conduct satisfies the elements of 42 U.S.C. § 408(a)(7)(B). See, e.g., United States v. Hines, 472 F.3d 1038, 1039-40 (8th Cir. 2007) (per curiam); United States v. Soape, 169 F.3d 257, 260-61, 269 (5th Cir. 1999); United States v. Teitloff, 55 F.3d 391 (8th Cir. 1995).

We therefore affirm Santana's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED