# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3151

_____

United States of America

*Plaintiff - Appellee*

v.

Kendra Deshazer

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: April 11, 2016
Filed: May 26, 2016
[Unpublished]

_____

Before COLLOTON, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

A jury convicted Kendra Deshazer of one count of producing a false identification document, *see* 18 U.S.C. § 1028(a)(1), two counts of misusing a social security number, *see* 42 U.S.C. § 408(a)(7)(B), two counts of aggravated identity theft, *see* 18 U.S.C. § 1028A(a)(1), and one count of access device fraud, *see* 18 U.S.C. § 1029(a)(2), stemming from two incidents where Deshazer allegedly used

another person's social security number to obtain credit. The first incident involved a loan to buy a car, and the second involved a Sears credit card. The district court[1] denied her motion for judgment of acquittal, which Deshazer appeals as to the charges involving the Sears credit card.

Deshazer maintains that the government failed to prove that she was the person who applied for the credit card. More specifically, she takes issue with the government's failure to call the Sears employee who helped her apply for the card to identify her. But viewing the sufficiency of the evidence in the light most favorable to the jury's verdict, *see United States v. Hines*, 472 F.3d 1038, 1039 (8th Cir. 2007) (per curiam), we reject Deshazer's contention because a verdict can be supported by circumstantial evidence alone, *see United States v. White*, 794 F.3d 913, 918 (8th Cir. 2015), and the circumstantial evidence linking Deshazer to the charges here is overwhelming.

Deshazer admitted to investigating agents that she used the social security number to obtain the car loan only three-and-a-half months before the Sears card was applied for, which is quite telling. The government also produced evidence that Deshazer used the social security number when applying for an apartment, further supporting her identification as the perpetrator. The credit card application, moreover, contained Deshazer's name, address, and phone number, and bills were mailed to her address. In addition, the person to whom the social security number was assigned testified that the credit card was not hers. And finally, the jury could have compared the signature on the credit card application with the signatures on other documents known to be signed by Deshazer and introduced into evidence. We have previously concluded that such comparisons can support a jury's verdict. *See United States v.*

---

[1]The Honorable J. Leon Holmes, United States District Judge for the Eastern District of Arkansas.

*Ryder*, 414 F.3d 908, 914 (8th Cir. 2005). We therefore cannot say that no reasonable jury could have found Deshazer guilty.

      Affirmed.

_____