# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3683

_____

United States of America

*Plaintiff - Appellee*

v.

Lony Tap Gatwas

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: September 28, 2018
Filed: December 3, 2018

_____

Before LOKEN, BENTON, and SHEPHERD, Circuit Judges.

_____

LOKEN, Circuit Judge.

For tax years 2009 to 2013, Lony Tap Gatwas prepared personal income tax returns for his Des Moines clients that obtained inflated refunds by falsely claiming dependents, including returns that reported several of Gatwas's eight children as dependents of his clients. A Southern District of Iowa jury convicted Gatwas of multiple counts of wire fraud, aggravated identity theft, and preparing false tax

returns. The district court[1] sentenced him to 45 months in prison, 21 months for the wire and tax fraud counts and the statutorily mandated consecutive 24 months for aggravated identity theft. Gatwas appeals the judgment that he committed seven counts of aggravated identity theft, arguing the district court erred in denying his motion for acquittal and in instructing the jury on the elements of this offense because the court misconstrued the term "uses, without lawful authority," in 18 U.S.C. § 1028A(a)(1). We review this question of statutory interpretation *de novo*. Tramp v. United States, 978 F.2d 1055, 1055 (8th Cir. 1992). We conclude the issue is essentially controlled by our prior decisions in United States v. Retana, 641 F.3d 272, 273-76 (8th Cir. 2011), and United States v. Hines, 472 F.3d 1038, 1038-40 (8th Cir. 2007), and therefore affirm.

Congress enacted Section 1028A in 2004 to provide a mandatory minimum sentence for most identity theft offenses already prohibited by 18 U.S.C. § 1028(a)(7). See Identity Theft Penalty Enhancement Act, Pub. L. No. 108-275 § 2, 118 Stat. 831. Section 1028A(a)(1) defines the aggravated identity theft offense at issue:

> **(1) In General.** -- Whoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years.

Thus, to convict Gatwas of these charges, the government needed to prove that he (1) knowingly used (2) a means of identification of another person (3) without lawful authority (4) during and in relation to committing a felony enumerated in § 1028A(c) (here, a wire fraud violation of 18 U.S.C. § 1343). 18 U.S.C. § 1028A(a)(1), (c)(5); Hines, 472 F.3d at 1039. Gatwas does not challenge the jury's verdict that he

---

[1] The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

knowingly used the names and social security numbers of falsely claimed dependents, including his own children, in committing wire fraud. He argues only that he did not "use" their means of identification "without lawful authority."

Gatwas argues, based on the statute's text and context, that the term "uses, without lawful authority," requires proof that he stole or assumed the identity of another person. Thus, the district court erred in denying his acquittal motion because he neither stole nor assumed the identities of the children he falsely claimed as his clients' dependents. Since its enactment in 2004, the scope of § 1028A(a)(1) has been frequently challenged because the offense triggers a mandatory consecutive penalty for those convicted of the many felonies enumerated in subsection (c)(5).

Defendants in nearly every circuit have argued that the statute does not apply if they used another person's means of identification with his or her permission because consensual use is not use "without lawful authority." As Gatwas concedes, that argument has been widely rejected. We confirmed in Retana that our decision in Hines "held that the use of another person's social security number for an illegal purpose satisfied the statute as a use 'without lawful authority' regardless of whether that use occurred with or without the other person's permission." 641 F.3d at 275. Theft or misappropriation of a victim's identity is not an essential element of the offense. See, e.g., United States v. Mahmood, 820 F.3d 177, 187-88 (5th Cir. 2016), and cases cited. Thus, when Gatwas used the names and social security numbers of actual children, including his own, during and in relation to his wire fraud, whether the minors "consented" to the use was irrelevant.

Gatwas correctly notes that, in both Hines and Retana, the defendant assumed the identity of another person, so the *holdings* in those cases do not refute his argument that "uses, without lawful authority," requires proof that he stole or assumed the identity of another person. But this argument has nothing to do with the term "without lawful authority." Rather, its substance is that we should limit the

meaning of the word "use" to circumstances in which the defendant misappropriated another person's identity in committing an enumerated felony.

Numerous prior decisions have upheld § 1028A(a)(1) convictions where the defendant neither stole nor assumed the identity of the other person. See United States v. White, 846 F.3d 170, 177-78 (6th Cir. 2017) (travel agent passed off false military identification cards as clients' means of identification); United States v. Reynolds, 710 F.3d 434, 435-36 (D.C. Cir. 2013) (use of false church officer signatures to increase church's authorized borrowing); United States v. Dvorak, 617 F.3d 1017, 1024-27 (8th Cir. 2010) (chiropractor submitted false claims for children he did not treat to obtain Medicaid reimbursement). Indeed, Gatwas urges a more restrictive meaning than the meaning adopted in the case he relies on to establish a circuit conflict. In United States v. Berroa, the First Circuit "read the term 'use' to require that the defendant attempt to pass him or herself off as another person or purport to take some other action on another person's behalf." 856 F.3d 141, 156-57 (1st Cir. 2017) (emphasis added). Here, Gatwas fraudulently used the identities of children to obtain tax refunds on behalf of his clients (thereby earning tax preparer fees for himself).

Our sister circuits have construed the word "use" broadly, relying on the statute's causation element -- that the use be during and in relation to an enumerated felony -- to limit its scope. See United States v. Michael, 882 F.3d 624, 628 (6th Cir. 2018) ("The salient point is whether the defendant used the means of identification to further or facilitate the health care fraud."); United States v. Otuya, 720 F.3d 183, 189 (4th Cir. 2013) ("a defendant who uses the means of identification of another 'during and in relation to any felony violation enumerated' in the statute necessarily lacks a form of authorization recognized by law"); United States v. Mobley, 618 F.3d 539, 547-48 (6th Cir. 2010) ("That a defendant's use of *any* social security number -- including his own -- to submit fraudulent credit applications must be 'without lawful

authority' is obvious," quoted in Retana, 641 F.3d at 275); United States v. Maldonado, 731 F. App'x 831, 833 (11th Cir. 2018).

These prior cases establish that the interpretation of § 1028A(a)(1) urged by Gatwas on appeal is unsound. Therefore, his motion for judgment of acquittal was properly denied. Gatwas more or less concedes that the causation element of the § 1028A(a)(1) offense, requiring that the knowing use be "during and in relation to" an enumerated felony, places an important limitation on the sweep of the statute. However, he protests, the broad interpretation of "uses, without lawful authority," adopted by other circuits renders this term superfluous: if any transfer, possession, or use of another person's means of identification "during and in relation to" an enumerated felony is illegal, he argues, it could never be done *with* lawful authority. As the Supreme Court is "reluctant to treat statutory terms as surplusage in any setting," this argument warrants consideration. Duncan v. Walker, 533 U.S. 167, 174 (2001) (quotation omitted). We conclude that it, too, is unsound.

In considering this issue, it is important to note the evolution of the federal identity theft statutes. Congress used the term "without lawful authority" in the first statute that addressed the growing problem of trafficking in fraudulent means of identification, the False Identification Crime Control Act of 1982. Pub. L. No. 97-398, 96 Stat. 2009. The statute made it unlawful to "knowingly and without lawful authority produce" an identification document, or to "knowingly transfer" an identification document, knowing it was "stolen or produced without lawful authority." These prohibitions survive today in 18 U.S.C. § 1028(a)(1), (2), and (6). "Without lawful authority" has a clear meaning in this context -- it avoids punishing a defendant who had a contract, license, or other authorization to produce an "identification document" such as a driver's license, or a defendant who believed the document he transferred was lawfully produced. Cf. United States v. Abdelshafi, 592 F.3d 602, 609 (4th Cir. 2010) (the phrase "without lawful authority" means "without a form of authorization recognized by law").

The statute was broadened in the Identity Theft and Assumption Deterrence Act of 1998, Pub. L. No. 105-318, 112 Stat. 3007, which added § 1028(a)(7) to expand the universe of "identity theft" offenders to include a person who -

   (7) knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person with the intent to commit, or to aid or abet, any unlawful activity that constitutes a violation of Federal law, or that constitutes a felony under any applicable State or local law . . . .

No committee report explained the language used, which extended "without lawful authority" to a context where its intended meaning is less obvious. Then, in 2004, Congress enacted the Identity Theft Penalty Enhancement Act, adding a new § 1028A. Congress explained that its purpose was to enhance the punishment for a violation of § 1028(a)(7) by mandating a minimum consecutive sentence for serious underlying offenses. See H.R. Rep. No. 108-528 (2004), reprinted in 2004 U.S.C.C.A.N. 779.

As one would expect given its purpose, Congress incorporated much of § 1028(a)(7) in drafting § 1028A(a)(1). But there was one unexplained modification. Section 1028(a)(7) originally required knowing transfer, possession, or use without lawful authority "with the intent to commit, or to aid or abet," a violation of federal or state law. Section 3 of the 2004 Act amended § 1028(a)(7) by adding "or in connection with" after "or to aid or abet," explaining this change "will make it easier for prosecutors to convict identity thieves by allowing prosecution for simply possessing false identity documents with the intent to commit a crime." Id. at 786. But in § 1028A(a)(1), Congress required knowing transfer, possession, or use without lawful authority "during and in relation to" one of the enumerated felonies. This appears to be a drafting anomaly, as the Supreme Court has generally construed the phrases "in connection with" and "in relation to" as analogous indeterminate provisions whose limiting effect must be determined from the structure of the statute

-6-

and its other provisions. See Maracich v. Spears, 570 U.S. 48, 59-60 (2013). But the Court has also explained that the phrase "*during and* in relation to" includes two distinct limiting words. See Muscarello v. United States, 524 U.S. 125, 137-138 (1998). This suggests that Congress employed the phrase "during and in relation to" in § 1028A(a)(1) to limit the statute's breadth to a greater degree than the expanded phrase "in connection with" that was added to § 1028(a)(7).

In our view, this legislative history tells us not to be concerned if the term "without lawful authority" in § 1028A(a)(1) adds little narrowing to the statute's causation element, "during and in relation to" an enumerated felony. The term "without lawful authority" had an obvious limiting effect on the production offenses in the original statute, provisions that survive today in § 1028(a)(1), (2), and (6). It is neither surprising nor disturbing that Congress continued to use the term when it added § 1028(a)(7) in 1998 and then § 1028A(a)(1) in 2004. After all, if the term had *not* been included in the substantially parallel new offenses, the purpose and effect of that omission would doubtless have been extensively litigated.

More importantly, we disagree with the assertion that, by rejecting Gatwas's interpretation of "uses, without lawful authority," courts have rendered the term superfluous. The causation element in § 1028A(a)(1), "during and in relation to," is potentially broad when applied to an underlying felony like on-going fraud. See Mobley, 618 F.3d at 549 ("the identity theft must have some purpose or effect with respect to the predicate crime"). In this context, there may be circumstances when the term "without lawful authority" limits the statute. As the First Circuit has noted:

> It takes little imagination to conceive instances in which a person might transfer, possess, or use another person's means of identification, during and in relation to a predicate offense, in a manner that is lawfully authorized. For example, where an applicant for naturalization submits documentation of a spouse's citizenship, but the applicant fraudulently claims to have committed no crime of moral turpitude, the transfer of the

spouse's information is arguably performed with lawful authority, despite its occurrence during and in relation to a predicate offense.

United States v. Kasenge, 660 F.3d 537, 541 (1st Cir. 2011). Of course, in the First Circuit's hypothetical, use of the spouse's identity simply to make the applicant eligible for naturalization could be construed as not being "in relation to" an unrelated fraud buried elsewhere in the application. But the limitation "without lawful authority" serves the useful purpose of precluding a limitless interpretation of "in relation to," just as the term in the 1982 Act clarified that production of an identification document authorized in a manner recognized by law was not unlawful.

In this case, we would reject the notion that Gatwas could be convicted of aggravated identity theft simply because he used a client's name and social security number in submitting a tax return that fraudulently under-reported income or claimed bogus deductions. As the government acknowledged at oral argument, the use of another person's means of identification must be more than incidental to the fraud. But Gatwas violated § 1028A(a)(1) because his use of childrens' names and social security numbers was essential to the fraudulent claim of dependent-based tax benefits. This was clearly use of their means of identification "without lawful authority" during and in relation to an enumerated fraud offense, so there is no basis to conclude that our interpretation of the statute in Hines and Rentana has rendered this statutory phrase surplusage. The district court did not err by denying Gatwas's motion for a judgment of acquittal.[2]

Gatwas also argues the district court abused its discretion in instructing the jury that "a person does not possess 'lawful authority' to authorize another person to use

---

[2]We reject Gatwas's argument that the statute is ambiguous and the rule of lenity therefore applies. Retana and Hines make clear that no "grievous ambiguity or uncertainty" in the statute warrants application of the rule of lenity in this case. See Muscarello, 524 U.S. at 138-39.

their name in furtherance of a crime," and in declining to give his proposed instruction that "the defendant must have misappropriated the name and/or social security number of another person for the defendant's own use." The district court did not err in refusing to give a proposed instruction incorporating Gatwas's interpretation of the statute that we have rejected. The court's instruction was consistent with our decisions in Hines and Retana and thus accurately reflected the law in this circuit. There was no abuse of discretion. See Dvorak, 617 F.3d at 1024 (standard of review).

The judgment of the district court is affirmed.

_____