PUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                                    No. 05-4143

NICOLAS MANUELES MONTEJO,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Robert G. Doumar, Senior District Judge.
(CR-04-149)

Argued: October 28, 2005

Decided: March 29, 2006

Before WIDENER, NIEMEYER, and GREGORY, Circuit Judges.

Affirmed by published opinion. Judge Widener wrote the opinion, in which Judge Niemeyer and Judge Gregory concurred.

## COUNSEL

**ARGUED:** Samuel Warrenton Meekins, Jr., WOLCOTT RIVERS GATES, Virginia Beach, Virginia, for Appellant. Michael Calvin Moore, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee. **ON BRIEF:** Paul J. McNulty, United States Attorney, Vincent L. Gambale, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

**OPINION**

WIDENER, Circuit Judge:

In this appeal, we construe, for the first time in the context present here, 18 U.S.C. § 1028A(a)(1), the federal aggravated-identity-theft statute. Prior to Nicolas Montejo's conviction on this charge at a bench trial, Montejo pleaded guilty to two predicate offenses, immigration fraud and Social Security fraud, on the basis of stipulations that he knowingly and unlawfully possessed and used false Alien Registration and Social Security cards. Montejo claims, however, that he had no knowledge that numbers on those documents had actually been assigned to other people. This lack of specific knowledge was the basis for Montejo's trial defense and is the only issue in this appeal. He argues that section 1028A requires such knowledge. For the reasons that follow, we conclude that it does not and affirm.

I.

The government and Montejo stipulated to the relevant facts, which we summarize as follows:

Montejo, a Mexican national, was illegally present in the United States. To obtain employment with a Norfolk, Virginia company called Network Industries, Ltd., Montejo provided Network Industries with a Resident Alien card and a Social Security card bearing Montejo's name, and on the Resident Alien card, his photo, but fabricated numbers. It turned out that, unknown to Montejo, the Alien Registration number that Montejo provided had been assigned to a Tanzanian man named Nassim Mohamed Leon, who by that time had become a naturalized U.S. citizen. Likewise, the Social Security number used by Montejo had actually been assigned to another person, though the rightful owner is not named. Alien Registration and Social Security numbers are unique; they are not reassigned.

On August 9, 2004 Montejo was taken into custody on immigration violations and a search incident to his arrest was performed, at which time these false identification documents were discovered in Montejo's possession. Shortly thereafter, when Montejo was questioned by

an Immigration and Customs Enforcement Special Agent, with an interpreter present, Montejo agreed to waive his *Miranda* rights and gave a signed, verified statement. The statement, the legality of which is not challenged, admits that Montejo had walked into the United States in January 2002 and had purchased, in Phoenix, Arizona, the Resident Alien card and the Social Security card for $60.00; that he knew the cards were false when he purchased them; and that he had used the cards to obtain employment.

The next day, August 10, 2004, a grand jury returned a four-count indictment against Montejo: Possession of a False Immigration Document in violation of 18 U.S.C. § 1546(a) (Count One); Use of a False Immigration Document in violation of 18 U.S.C. § 1546(b)(2) (Count Two); False Representation of a Social Security Number in violation of 42 U.S.C. § 408(a)(7)(B) (Count Three); and Aggravated Identity Theft in the commission of Count One in violation of 18 U.S.C. § 1028A(a)(1) (Count Four). Montejo moved to quash Count Four, but this motion was denied. Following a pre-trial hearing in September, Montejo pleaded guilty to Counts One and Three, and Count Two was dismissed by the government.

The relevant facts having been stipulated and the government resting on the stipulation, the hearing proceeded as a bench trial on Count Four. At trial, Montejo introduced no evidence, arguing instead solely the intent issue raised in this appeal. Namely, Montejo argued that he obtained the Resident Alien card in his name and knew that the associated number was false in that it did not belong to him, but that he did *not* know that the number in fact had been assigned to another person. The district court found Montejo guilty on Count Four. Montejo renewed his motion for acquittal, an oral motion having been made and denied during the trial. After briefing, the district court again denied Montejo's motion.

On January 20, 2005, the court sentenced Montejo to two years' imprisonment on Count Four (to run concurrently with six months' imprisonment on each of Counts One and Three), two years' supervised release, and $300 in special assessments. Montejo appealed.

## II.

Our review of the denial of Montejo's motion for judgment of acquittal is *de novo* because it challenges the construction of the stat-

ute. See *United States v. Oloyede*, 982 F.2d 133, 135 (4th Cir. 1992) (per curiam). In such a challenge to a conviction, the government is allowed "all reasonable inferences from the facts proven to those sought to be established." *United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1982).

On appeal, Montejo attacks his conviction on the same ground as at trial. The fact that Montejo did not know that the Alien Registration or Social Security numbers he possessed actually had been assigned to other people, he asserts, means that he did not knowingly use or possess "a means of identification of another person." In considering this argument, we look to the statutory language and structure and the legislative history and purpose of the statute. See *United States v. Pebworth*, 112 F.3d 168, 171 (4th Cir. 1998). We also briefly address the rule of lenity.

The catchline for the statute at issue in this case is "Aggravated identity theft." The statute reads in pertinent part:

> Whoever, during and in relation to any felony violation enumerated in subsection (c) [two of which Montejo pleaded guilty to in Counts One and Three], *knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person* shall, in addition to the punishment for such felony, be sentenced to a term of imprisonment of 2 years.

18 U.S.C. § 1028A(a)(1) (emphasis added). The word "knowingly" in this provision establishes that certain intent is necessary for conviction. The question of how specific that knowledge need be is a question of the statute's word structure and background.

We begin with grammar. The word "knowingly" in this case is an adverb that modifies the verbs "transfers, possesses, [and] uses." "Without lawful authority" is an adverbial phrase that also modifies these verbs. The direct object of these transitive verbs is "a means of identification," a nominal phrase that is further modified by the adjectival prepositional phrase "of another person." Together, "transfers, possesses, or uses . . . a means of identification of another person" forms a predicate.

We think that, as a matter of common usage, "knowingly" does not modify the entire lengthy predicate that follows it. Simply placing "knowingly" at the start of this long predicate does not transform it into a modifier of all the words that follow. Good usage requires that the limiting modifier, the adverb "knowingly," be as close as possible to the words which it modifies, here, "transfers, possesses, or uses." *Funk, McMahan and Day, The Elements of Grammar for Writers*, McMillan, 1991, Ch. 4.

A case on so nearly the same facts as to be persuasive, even if not controlling, is *United States v. Cook*, 76 F.3d 596 (4th Cir.), *cert. denied*, 519 U.S. 939 (1996), in which we considered 21 U.S.C. § 861(a)(3), which prohibited "knowingly and intentionally . . . receiv[ing] a controlled substance from a person under 18 years of age," in violation of federal drug laws. *Id.* at 599. At trial, the *Cook* defendant testified that he thought his partner in crime, who had handed him a vial of crack during an undercover buy, was older than eighteen. *Id.* He therefore requested a corresponding instruction that the jury "could only convict him if it found that [Cook] *knew* his [co-defendant] was younger than eighteen." *Id.* (Italics in original.) The district court declined to give this instruction and we affirmed. A part of our reasoning was "because the most grammatical reading of § 861(a)(3) suggests that the knowledge requirement does not extend to the minor's age." *Id.* at 602. Thus, we held that the modifier "knowingly" extended to the object "receive a controlled substance," but not to the prepositional phrase modifying it, "from a person under 18 years of age." The statute in the case at hand is not grammatically distinguishable from that in *Cook*. The modifier "knowingly" in each case is adjacent to the words it modifies, as close as it can get.

Montejo relies almost exclusively on *Liparota v. United States*, 471 U.S. 419 (1985), in support of his argument and, as well, to create textual ambiguity requiring resort to other interpretive guides. But *Liparota*'s discussion of the scope of "knowingly" should not be understood apart from the Court's primary stated concern: avoiding criminalization of otherwise non-culpable conduct.

The statute at issue in *Liparota* prohibited "knowingly us[ing], transfer[ing], acquir[ing], alter[ing], or possess[ing] coupons or autho-rization cards in any manner not authorized by this chapter or the reg-

ulations" issued thereunder. 471 U.S. at 420 n.1. The defendant, a proprietor of a restaurant not authorized to accept food stamps, had purchased food stamps at a price below face value from a government agent. *Id.* at 421. At trial, the defendant argued in favor of a jury instruction that the statute reached only "people who knew that they were acting unlawfully." *Id.* at 422-23. The trial court refused to give this instruction and the defendant was convicted. *Id.* at 423. On appeal, the government argued that knowing acquisition or possession was sufficient, if it turned out to be in a manner not authorized, while the defendant argued that knowledge of lack of authority to acquire or possess must be proved. *Id.* As to which interpretation of the scope of the term "knowingly" should govern, the Court found both of them in accord with common usage. This finding of ambiguity is what Montejo relies upon.

But *Liparota* teaches that if the government's proposed reading of a statute could criminalize unwitting and innocent conduct like receipt of food stamps in the mail, that construction should be reluctantly adopted, if at all. And the Court relied on differing language in different sections of the same statute, neither condition being present here.

We conclude that we should follow our decision in *United States v. Cook*, 76 F.3d 596 (4th Cir. 1996). *Cook* did not adopt the *Liparota* construction of the statute based on elements which criminalized otherwise innocent conduct, 76 F.3d at 596. And *Cook* correctly held that "Section 861(a)(3) more closely resembles other federal laws which provide enhanced penalties or allow conviction for obviously antisocial conduct upon proof of a fact of which defendant need not be aware." 76 F.3d at 601. We agree with that conclusion. We agree with the government's construction of the statute, that the defendant need not be aware of the actual assignment of the numbers to an individual to have violated the statute. We are supported in our reasoning by the legislative history of the statute involved, found at *4 U.S. Code Congressional and Administrative News*, 108th Congress, 2d. Session 2004, House Report, p.779. That legislative history shows that Congress was concerned with aggravated identity theft, exactly what was charged in the indictment in this case. Montejo stole the identity of two entirely innocent people, the holder of the alien identity number, and the holder of the Social Security number. Indeed, Congress provided in the statute for a sentence of two years in addition to any term

of imprisonment otherwise provided for a violation of that statute. 18 U.S.C. § 1028A(a)(1).

We are also of opinion that the statute is not ambiguous, so the rule of lenity does not apply. We have considered the other assignments of error of Montejo and decide they are without merit.

The judgment of the district court is accordingly

*AFFIRMED*.