**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4829**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CONSTANCE OCCIDENT,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Gerald Bruce Lee, District Judge.  (1:05-cr-00461-GBL)

Submitted: May 23, 2007            Decided:  July 6, 2007

Before KING, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Vincent J. Sanzone, Jr., Anthony Scordo, Elizabeth, New Jersey, for Appellant.  Chuck Rosenberg, United States Attorney, Vince Gambale, Jack Hanly, Assistant United States Attorneys, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a bench trial, Constance Occident was convicted of conspiracy to commit wire fraud, conspiracy to commit access device fraud and wrongfully disclose individually identifiable health care information, and aggravated identity theft (four counts), in violation of 18 U.S.C. §§ 371, 1028A, and 1349 (2000). The court sentenced Occident to twenty-four months imprisonment on each of the conspiracy counts, to run concurrently, and a mandatory consecutive twenty-four month sentence on the aggravated identify theft counts. See 18 U.S.C. § 1028A(b). She has noted a timely appeal.

The evidence presented at Occident's trial, viewed in the light most favorable to the Government, see United States v. Burgos, 94 F.3d 849, 854 (4th Cir. 1996) (en banc), was as follows. From 1999 to July 2005, Occident was employed as a nurses' aide by INOVA Alexandria Hospital. During the course of her employment, Occident obtained the personal identification information of numerous patients and co-workers and then provided the stolen identification information to co-defendant Beurn Daphne Ferdinand, who resided in New York City. The information was used to establish new credit card accounts and to access existing accounts and obtain replacement credit cards. Using the fraudulently obtained credit cards, Occident and (primarily) Ferdinand purchased a number of mostly luxury items totaling $244,370.07.

Occident admitted to taking the identifying information from her co-workers' pay stubs and paychecks, and from patient information sheets, and providing the information to Ferdinand. Occident claimed, however, that she did not know that Ferdinand was using the information to obtain credit cards. Rather, Occident testified that she believed that Ferdinand was planning to use the names as references on job applications. Occident also testified, at great length, about Ferdinand's ability to use voodoo to make Occident comply with her demands.

At the conclusion of the trial, the district court issued detailed findings of fact and conclusions of law and found Occident guilty of counts 1, 2, 8 through 10, and 12. At sentencing, the court adopted the presentence report's determination of loss resulting from the identity information stolen by Occident and provided to Ferdinand. With a total adjusted offense level of 23 and criminal history category I, Occident's sentencing range was forty-six to fifty-seven months imprisonment on counts 1 and 2. The district court imposed a below-guidelines sentence of twenty-four months, and a mandatory minimum consecutive twenty-four-month sentence with respect to the remaining counts.

Occident first contends that the district court's factual findings were insufficient under United States v. Booker, 543 U.S. 220 (2005), and Apprendi v. New Jersey, 530 U.S. 466 (2000), to sustain her convictions for aggravated identity theft which

resulted in a mandatory consecutive twenty-four month sentence. Second, Occident claims that the evidence was insufficient to support her conviction for conspiracy to commit wire fraud.

The elements of aggravated identity theft, 18 U.S.C. § 1028A, are: (1) knowing use, possession, or transfer, without lawful authority, of the means of identification of another person and (2) that such conduct occurred during and in relation to a felony enumerated in 18 U.S.C. § 1028A(c). See United States v. Montego, 442 F.3d 213, 215 (4th Cir.), cert. denied, 127 S.Ct. 366 (2006). In turn, § 1028A(c)(5) defines an enumerated felony to include "any provision contained in chapter 63 (relating to mail, bank, and wire fraud)."

The district court made specific findings that, pursuant to an agreement with Ferdinand, Occident stole identifying information of four named patient victims. The court further found that Occident had used a credit card obtained in one of their names to make fraudulent purchases on her own, and had provided the identifying information of the other victims to Ferdinand for her to use to obtain credit cards and make purchases. We conclude that these findings of fact were sufficient, under Fed. R. Crim. P. 23(c), as to each of the elements of aggravated identity theft.

Occident also claims that there was insufficient evidence to support the guilty verdict as to the conspiracy to commit wire fraud charge and, therefore, there was no predicate offense to

support the conviction for aggravated identity theft. To prove wire fraud under 18 U.S.C. § 1343, the government must establish: (1) a scheme to defraud, and (2) the use of a wire communication in furtherance of that scheme. See United States v. Bollin, 264 F.3d 391, 407 (4th Cir. 2001). To prove conspiracy to commit wire fraud, the government need only prove that the defendant knowingly and voluntarily agreed to participate in a scheme to defraud and that the use of the interstate wires in furtherance of the scheme was reasonably foreseeable. United States v. Ross, 131 F.3d 970, 981 (11th Cir. 1997). The evidence here was more than sufficient to support the district court's finding that Occident knowingly participated in a scheme to commit credit card fraud. Further, the district court's refusal to accept Occident's "voodoo defense" is a credibility determination not subject to review by this court. See United States v. Saunders, 886 F2d 56, 60 (4th Cir. 1989).

Next, Occident argues that the district court clearly erred in determining the amount of loss because there was no basis for the court to find that the losses incurred by Ferdinand were foreseeable to Occident or that all losses were directly attributable to the identity information furnished by Occident. This Court reviews the district court's estimate of loss for clear error. United States v. Miller, 316 F.3d 495, 503 (4th Cir. 2003). The Guidelines require that, for purposes of determining the offense level for property and financial crimes, loss is the

greater of actual or intended loss.  <u>U.S. Sentencing Guidelines Manual</u> § 2B1.1, cmt. n.3(A) (2005).  "Actual loss" is defined as "the reasonably foreseeable pecuniary harm that resulted from the offense." <u>Id.</u>  Finally, the district court makes a "reasonable estimate of the loss, given the available information."  <u>Miller</u>, 316 F.3d at 503; USSG § 2B1.1, comment. n.3(C).

Occident was properly held accountable for the losses resulting from Ferdinand's use of the fraudulent credit card accounts.  <u>See</u> USSG § 1B1.3 (a)(1)(B) (providing that a defendant involved in a joint criminal undertaking may be held responsible for relevant conduct that includes all reasonably foreseeable conduct of his co-conspirators that is in furtherance of the conspiracy).  The presentence report provided an itemized total of fraudulent charges incurred by eighteen banks and other creditors and Occident did not dispute those figures.  Contrary to Occident's assertion, the losses identified in the presentence report were limited to those directly attributable to the identifying information that Occident supplied to Ferdinand.  Therefore, the district court's findings regarding loss were not clearly erroneous.

Accordingly, we affirm Occident's conviction and sentence. We dispense with oral argument because the facts and

legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED