**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4025

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CLEVELAND KILGORE,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Richard D. Bennett, District Judge. (8:06-cr-00115-RDB)

Submitted: October 31, 2007      Decided: November 15, 2007

Before WILKINSON, TRAXLER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Cleveland Kilgore, Appellant Pro Se.  Rod J. Rosenstein, United States Attorney, Barbara Suzanne Skalla, Assistant United States Attorney, Michele Walls Sartori, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cleveland Kilgore was convicted by a jury on four counts of bank fraud, 18 U.S.C. § 1344 (2000), four counts of aggravated identity theft, 18 U.S.C. § 1028A (2000), and aiding and abetting those offenses, 18 U.S.C. § 2 (2000). He was sentenced to 149 months of imprisonment. On direct appeal, Kilgore has chosen to proceed pro se. Although Kilgore's arguments on appeal are largely indecipherable, construing his claims broadly, Kilgore appears to challenge the district court's subject matter jurisdiction and the sufficiency of the evidence to support his convictions.

As recently noted by this court, "[s]ubject-matter jurisdiction (in the sense of judicial power) over federal criminal prosecutions is conferred on district courts by 18 U.S.C. § 3231." United States v. Hartwell, 448 F.3d 707, 716 (4th Cir.), cert. denied, 127 S. Ct. 328 (2006). Accordingly, a federal district court has jurisdiction over "all offenses against the laws of the United States." See 18 U.S.C. § 3231 (2000). Moreover, "there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of the 'jurisdictional' inquiry." Hartwell, 448 F.3d at 716 (quoting Hugi v. United States, 164 F.3d 378, 380 (7th Cir. 1999)).

Kilgore does not dispute that his criminal prosecution involved the laws of the United States. Relying on commercial law,

he provides no valid authority for the proposition that the district court lacked subject matter jurisdiction. To the extent that Kilgore argues in his informal brief that he is a "Foreign Nation (not a person) who rules autonomously and [is] not subject to any entity or jurisdiction anywhere," his claim is patently meritless. Accordingly, we find that the district court properly exercised subject matter jurisdiction over Kilgore's criminal prosecution under 18 U.S.C. § 3231.

A jury's verdict must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). This court has "defined 'substantial evidence' as 'evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" United States v. Smith, 451 F.3d 209, 216 (4th Cir.) (quoting United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)), cert. denied, 127 S. Ct. 197 (2006). This court "must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). In evaluating the sufficiency of the evidence, this court does not review the credibility of the witnesses and assumes that the jury resolved all contradictions in the testimony in favor

of the Government.  United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998).  Moreover, the uncorroborated testimony of one witness or an accomplice may be sufficient to sustain a conviction.  United States v. Wilson, 115 F.3d 1185, 1190 (4th Cir. 1997).  This court "can reverse a conviction on insufficiency grounds only when the prosecution's failure is clear."  United States v. Moye, 454 F.3d 390, 394 (4th Cir.) (internal quotation marks and citation omitted), cert. denied, 127 S. Ct. 452 (2006).

To prove bank fraud, the Government had to establish beyond a reasonable doubt that Kilgore

> knowingly execute[d], or attempt[ed] to execute, a scheme or artifice (1) to defraud a financial institution; or (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises.

18 U.S.C. § 1344.  The elements of aggravated identity theft, 18 U.S.C. § 1028A, are: (1) knowing use, possession, or transfer, without lawful authority, of the means of identification of another person and (2) that such conduct occurred during and in relation to a felony enumerated in 18 U.S.C. § 1028A(c).  See United States v. Montejo, 442 F.3d 213, 215 (4th Cir.), cert. denied, 127 S. Ct. 366 (2006).  In turn, § 1028A(c)(5) defines an enumerated felony to include "any provision contained in chapter 63 (relating to mail, bank, and wire fraud)."

We have reviewed the transcripts of the trial and find sufficient evidence to sustain the jury's verdict. Accordingly, we affirm Kilgore's convictions and sentence. We deny Kilgore's motion for release pending appeal as moot and we further deny the "Motion to Grant Settlement." We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED