**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 07-4757**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

LETRISTA L. WEST,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.   James R. Spencer, Chief
District Judge.   (3:06-cr-00412-JRS)

_____

Submitted:  July 31, 2008         Decided:  September 8, 2008

_____

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

James T. Maloney, MALONEY & DAVID, P.L.C., Richmond, Virginia, for
Appellant. Chuck Rosenberg, United States Attorney, Brian L.
Whisler, Assistant United States Attorney, Patrick Robinson, OFFICE
OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Letrista L. West appeals from her conviction for bank fraud, in violation of 18 U.S.C. § 1344(2) (2000), and aggravated identity theft, in violation of 18 U.S.C. § 1028A (2000). West challenges whether sufficient evidence existed to support her convictions and whether the district court erred in admitting evidence of other acts of misconduct as res gestae and under Fed. R. Evid. 404(b). Finding no error, we affirm.

An indictment charged West with bank fraud based on opening an account with, and the negotiation of a loan from, SunTrust Bank. The second count, for aggravated identity theft, was based on the information furnished for the loan. In addition, the Government sought to introduce evidence of uncharged criminal activity as res gestae of the crime and under Fed. R. Evid. 404(b). The Government sought to introduce evidence that West rented an apartment in the name of Lourdes Santiago; West obtained a Citicards credit card in the name of Lourdes Santiago; West obtained a post office box for the purpose of receiving mail in the name of Lourdes Santiago; and West opened an account with Dominion Virginia Power in the name of Lourdes Santiago for the apartment address and attempted to open an account in the name of her daughter using Santiago's information. West moved to exclude the evidence, arguing that under either res gestae or Rule 404(b), the Government would need to directly link her as the person furnishing

- 2 -

Santiago's information.  The court denied the motion.  Prior to closing arguments, West unsuccessfully moved for a judgment of acquittal under Fed. R. Crim. P. 29.  The jury found West guilty on both counts, and she received a fourteen-month sentence on count one and a consecutive twenty-four month sentence on count two.

On appeal, West argues that the district court erred in admitting the Government's requested evidence of other crimes and that there was insufficient evidence to support the convictions.  West argues that the district court erred in admitting the evidence of other crimes because there was an insufficient nexus between West and the acts and the probative value of the information was outweighed by its prejudicial effect.

This court reviews a district court's ruling on admissibility for abuse of discretion.  United States v. Queen, 132 F.3d 991, 995 (4th Cir. 1997).  The court "will not vacate a conviction unless [it] find[s] that the district court judge acted arbitrarily or irrationally."  United States v. Ham, 998 F.2d 1247, 1252 (4th Cir. 1993).  Evidence of other acts is not admissible to prove bad character or criminal propensity, but such evidence is admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.  See Fed. R. Evid. 404(b); Queen, 132 F.3d at 994-95.  Rule 404(b) is an inclusive rule, allowing evidence of other crimes or acts except those which tend to prove only criminal disposition.  Queen, 132

F.3d at 994-95; <u>United States v. Rawle</u>, 845 F.2d 1244, 1247 (4th Cir. 1988). Evidence of prior acts is admissible under Rules 404(b) and Fed. R. Evid. 403 if: (1) the evidence is relevant to an issue other than the general character of the defendant, (2) necessary, (3) reliable, and (4) the probative value of the evidence is not substantially outweighed by its prejudicial value. <u>Queen</u>, 132 F.3d at 997. An acceptable purpose for evidence of other crimes is to prove the immediate context, or res gestae, of the case. <u>See</u> <u>United States v. Masters</u>, 622 F.2d 83, 86 (4th Cir. 1980). Other bad acts are admissible when they are intimately connected with and explanatory of the crime charged so that their proof is appropriate to complete the story of the crime. <u>Id.</u>; <u>see</u> <u>United States v. Powers</u>, 59 F.3d 1460, 1466 (4th Cir. 1995).

West argues that the fact that Santiago's information was furnished to establish credit, a lease, and a utilities account does not necessarily demonstrate that she was the person who furnished the information. Considering the entirety of the evidence, we conclude that the district court did not abuse its discretion in admitting the evidence. <u>See</u> <u>Queen</u>, 132 F.3d at 995.

West advances a similar theory in arguing that there was insufficient evidence to support the convictions. An appellate court should affirm a conviction challenged for sufficiency of the evidence if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the

essential elements of the crime beyond a reasonable doubt. <u>Glasser v. United States</u>, 315 U.S. 60, 80 (1942); <u>United States v. Burgos</u>, 94 F.3d 849, 862-63 (4th Cir. 1996). A defendant challenging a conviction for sufficiency of the evidence bears a "heavy burden," <u>United States v. Hoyte</u>, 51 F.3d 1239, 1245 (4th Cir. 1995), and "a decision [to reverse for insufficient evidence] will be confined to cases where the prosecution's failure is clear." <u>Burks v. United States</u>, 437 U.S. 1, 17 (1978) (footnote omitted). An appellate court must "consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." <u>United States v. Tresvant</u>, 677 F.2d 1018, 1021 (4th Cir. 1982) (citations omitted).

To prove bank fraud, the Government had to establish beyond a reasonable doubt that West

> knowingly execute[d], or attempt[ed] to execute, a scheme or artifice (1) to defraud a financial institution; or (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises.

18 U.S.C. § 1344. The elements of aggravated identity theft, 18 U.S.C. § 1028A, are: (1) knowing use, possession, or transfer, without lawful authority, of the means of identification of another person and (2) that such conduct occurred during and in relation to a felony enumerated in 18 U.S.C. § 1028A(c). <u>See</u> <u>United States v.</u>

Montejo, 442 F.3d 213, 215 (4th Cir.), cert. denied, 127 S. Ct. 366 (2006). In turn, § 1028A(c)(5) defines an enumerated felony to include "any provision contained in chapter 63 (relating to mail, bank, and wire fraud)."

After thoroughly reviewing the entire record, we conclude that in this case there was more than sufficient evidence to sustain the jury's verdict. There were numerous indicators that West was connected to the fraudulent furnishing of Santiago's information to obtain the loan and account from SunTrust Bank. We therefore affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED