# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1338

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Ezequiel Oronia-Vera, also known as | * | |
| Ezequiel Oronia, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:  December 8, 2008
Filed:  May 18, 2009

_____

Before WOLLMAN, BYE, and RILEY, Circuit Judges.

_____

RILEY, Circuit Judge.

Ezequiel Oronia-Vera (Oronia-Vera) appeals his conviction for aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1), following a trial to the district court on stipulated facts.  We reverse.

## I.    BACKGROUND

On May 16, 2007, a grand jury returned a three-count indictment against Oronia-Vera.  Count one charged Oronia-Vera with fraud and misuse of documents, in violation of 18 U.S.C. § 1546(a); count two charged him with misuse of a social

security number, in violation of 42 U.S.C. § 408(a)(7)(B); and count three charged him with aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). Oronia-Vera pled guilty to count one of the indictment, and count two was dismissed.

Count three of the indictment proceeded to trial. Oronia-Vera waived his right to a jury, and the parties agreed to submit the matter to the district court on briefs and the following stipulated facts:

1. On or about February 6, 2007, the defendant did present a Permanent Resident Card to his employer, Iowa Pre-Stressed Concrete (IPC), to represent that he was able to be lawfully employed. A copy of the document is marked Exhibit 1 and attached.

2. The name on Exhibit 1, Ezequiel Oronia Vera, is in fact the defendant's true birth name. . . .

3. The date of birth reported on the Permanent Resident Card is the proper date of birth of Ezequiel Oronia Vera.

4. The photo on Exhibit 1 is a photo of Ezequiel Oronia Vera.

5. The A# (alien registration number) shown on Exhibit 1, A# XXX-XXX-980, is not assigned to Ezequiel Oronia Vera. It is instead the A# of another individual, a female Hispanic, 32 years of age, born in Mexico. This other individual has a date of birth and physical appearance unlike Ezequiel Oronia Vera.

6. Ezequiel Oronia Vera knew that the Permanent Resident Card was not lawfully issued to him when he presented it to his employer. He also knew that the A# was not assigned to him.

7. Ezequiel Oronia Vera had no knowledge of the person identified by the A# or even if the number was a proper number issued by the government.

8. The government has no evidence to show that the defendant attempted to use or assume the identity of the person described by the A# except to the extent that the number issued to her is in fact displayed on the Permanent Resident Card.

9. The A# is intended by the government to be a unique identifier of an individual in its records for purposes of documenting proper registration of aliens entitled to be employed in this country.

10. The above events occurred in the Southern District of Iowa.

The district court declared, "The issue in this case is whether the word knowingly [in 18 U.S.C. § 1028A(a)(1)] refers to the knowing use or possession or transfer of the means of identification without [lawful] authority or whether the word knowing[ly] means that the defendant knew that the means of identification belonged to a real person."

Based on the stipulated facts, the district court found Oronia-Vera guilty of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). The district court was persuaded by the reasoning of United States v. Montejo, 353 F. Supp. 2d 643, 650 (E.D. Va. 2005), aff'd, 442 F.3d 213 (4th Cir. 2006), cert. denied, 549 U.S. 879 (2006), which held a defendant's conduct is punishable under § 1028A(a)(1) "whether he knew that the means of identification in his unlawful possession belongs to someone else or was false altogether." The district court noted Montejo had been cited favorably by the Eighth Circuit in United States v. Hines, 472 F.3d 1038, 1039 (8th Cir. 2007). The district court sentenced Oronia-Vera to 1 day imprisonment on count one and 24 months imprisonment on count three, to be served consecutively.

## II.   DISCUSSION

Oronia-Vera appeals his conviction for aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1), which provides:

> Whoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years.

The sole issue challenged on appeal is whether 18 U.S.C. § 1028A(a)(1) requires a defendant to know that the means of identification in the defendant's unlawful possession belongs to another person. The Supreme Court definitively answered this question in United States v. Flores-Figueroa, 556 U.S. __, __ S. Ct. __,

No. 08-108, 2009 WL 1174852, at *7 (May 4, 2009).  The Court concluded, "§ 1028A(a)(1) requires the Government to show that the defendant knew that the means of identification at issue belonged to another person."

Because the parties stipulated: (1) "Oronia[-]Vera had no knowledge of the person identified by the A# [on the Permanent Resident Card in Oronia-Vera's unlawful possession] or even if the number was a proper number issued by the government," and (2) "[t]he government has no evidence to show that [Oronia-Vera] attempted to use or assume the identity of the person described by the A#," the district court's judgment with respect to count three of the indictment must be reversed.

## III.  CONCLUSION

We reverse the district court's judgment on count three of the indictment.

_____