**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-4305**

———————

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

LANDY DIAZ,

            Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Glen E. Conrad, Chief District Judge.  (7:07-cr-00003-gec-mfu-1)

———————

Submitted:  June 17, 2011            Decided:  July 1, 2011

———————

Before KEENAN and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Larry W. Shelton, Federal Public Defender, Allegra M. C. Black, Assistant Federal Public Defender, Christine Madeleine Lee, Research and Writing Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Roanoke, Virginia, for Appellant.  Timothy J. Heaphy, United States Attorney, Roanoke, Virginia, Jean B. Hudson, Assistant United States Attorney, J. Wells Harrell, Third Year Law Student, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This case arose out of a series of fraudulent credit card and debit card transactions using credit and debit card numbers stolen from restaurant and retail store customers via an electronic skimming device. A jury convicted Landy Diaz (Diaz) of one count of conspiracy to possess fifteen or more unauthorized access devices with intent to defraud, in violation of 18 U.S.C. § 371, one count of possession of fifteen or more unauthorized access devices with intent to defraud, in violation of 18 U.S.C. § 1029(a)(1), one count of possession of access device making equipment with intent to defraud, in violation of 18 U.S.C. § 1029(a)(4), and three counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). Additionally, Diaz pleaded guilty to one count of using one or more counterfeit access devices with intent to defraud, in violation of 18 U.S.C. § 1029(a)(1).

On appeal, Diaz only challenges his convictions on the three counts of aggravated identity theft. The aggravated identity theft statute imposes a mandatory consecutive two-year prison term upon "[w]hoever, during and in relation to any felony violation" of certain predicate crimes (e.g., fraud and related activity in connection with access devices, in violation of 18 U.S.C. § 1029(a)(1)), "knowingly transfers, possesses, or uses, without lawful authority, a means of identification of

2

another person . . . ." 18 U.S.C. § 1028A(a)(1). Diaz argues that his three aggravated identity theft convictions should be vacated and his case remanded for a new trial on those counts, because the district court did not specifically instruct the jury that, in order to convict him of aggravated identity theft, the government bore the burden of proving beyond a reasonable doubt that he knew the means of identification at issue, in fact, belonged to another person. According to Diaz, he was entitled to such an instruction under Flores-Figueroa v. United States, 129 S. Ct. 1886 (2009). See id. at 1894 ("We conclude that § 1028A(a)(1) requires the Government to show that the defendant knew that the means of identification at issue belonged to another person."). Diaz also points out that, at the time of his trial in this case, Fourth Circuit precedent expressly held that § 1028A(a)(1)'s knowledge requirement did not apply to the phrase "of another person." See United States v. Montejo, 442 F.3d 213, 217 (4th Cir. 2006) (holding "defendant need not be aware of the actual assignment of the numbers to an individual to have violated [§ 1028A(a)(1)]").

Because Diaz did not request an instruction specifically stating that, in order to convict him of aggravated identity theft, the government bore the burden of proving beyond a reasonable doubt that he knew the means of identification at issue belonged to another person, we review the district court's

3

failure to give such an instruction for plain error. Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 732 (1993). Under the plain error test set forth in Olano, Diaz must initially establish: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. Olano, 507 U.S. at 732. Even if Diaz establishes each of these three prongs, Olano requires that before we may exercise our discretion to correct the error, we must be convinced that the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks omitted) (alteration in original).

Reviewing the record below, including the jury instructions as to the aggravated identity theft counts and the evidence presented at trial, we conclude that Diaz has failed to establish he is entitled to appellate relief with respect to his three convictions for aggravated identity theft. Assuming arguendo that Diaz can establish the first two prongs of Olano's plain error test, as the government concedes he has, Diaz has not carried his burden of establishing Olano's third prong, i.e., that his substantial rights were affected. Id.

Specifically, Diaz has not carried his burden of establishing that the district court's failure to instruct the jury that, in order to convict him of aggravated identity theft, the government bore the burden of proving beyond a reasonable

4

doubt that he knew the means of identification at issue belonged to another person affected his substantial rights. Although, at the time of Diaz's trial in this case, Fourth Circuit precedent expressly held that § 1028A(a)(1)'s knowledge requirement did not apply to "of another person," id.; see Montejo, 442 F.3d at 217-18, the district court did not so instruct the jury. In fact, the district court's instructions on the aggravated identity theft counts simply tracked § 1028A(a)(1)'s statutory language, which language left ample room for the jury to have made the very finding Diaz claims the jury needed to make in order to convict him of aggravated identity theft. Cf. Flores-Figueroa v. United States, 129 S. Ct. at 1890 ("In ordinary English, where a transitive verb has an object, listeners in most contexts assume that an adverb (such as knowingly) that modifies the transitive verb tells the listener how the subject performed the entire action, including the object as set forth in the sentence."). Thus, Diaz cannot establish that the jury actually convicted him based upon an erroneous understanding of § 1028A(a)(1)'s knowledge requirement, which he needed to do in order to establish that his substantial rights were affected by the alleged error. See United States v. Hastings, 134 F.3d 235, 243-44 (4th Cir. 1998) (under Olano's third prong of plain error test, defendant bears the burden of establishing error actually resulted in his conviction).

Finally, assuming arguendo that Diaz can establish the first three prongs of Olano's plain error test, we would decline to exercise our discretion to correct the error. The record establishes that the evidence presented to the jury showing that Diaz knew that the means of identification at issue with respect to his aggravated identity theft convictions belonged to another person was overwhelming and uncontroverted. Accordingly, the district court's failure to give the instruction at issue does not seriously affect the fairness, integrity or public reputation of judicial proceedings. See Johnson v. United States, 520 U.S. 461, 470 (1997) (no basis for concluding error in failing to submit element of offense to jury seriously affected fairness, integrity or public reputation of judicial proceedings, because evidence in support of such element was overwhelming and essentially uncontroverted).

For the foregoing reasons, we affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED