[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13841
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-20482-RSR


ROBERT J. MARSHALL,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.
_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 28, 2013)

Before TJOFLAT, CARNES, and PRYOR, Circuit Judges.

PER CURIAM:

Robert J. Marshall, a federal prisoner proceeding pro se, appeals the district

court's denial of his 28 U.S.C. § 2241 petition for a writ of habeas corpus.

Marshall contends that even though he has already been denied post-conviction relief under 28 U.S.C. § 2255, he is entitled to it under the savings clause of § 2255(e).  He argues that his current claim—that he is innocent of aggravated identity theft because he did not know that an altered social security number he unlawfully used belonged to an actual person—was foreclosed by applicable circuit precedent during his direct appeal and his initial § 2255 proceedings.[1]

We review de novo the availability of habeas relief under § 2241. Dohrmann v. United States, 442 F.3d 1279, 1280 (11th Cir. 2006).  Section 2255(e) bars a § 2241 petition if the prisoner has failed to seek or has already been denied relief on a § 2255 motion, as Marshall has, "unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e); see also Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 n.1 (11th Cir. 2008) ("[A] § 2255 motion is the exclusive remedy for a federal prisoner to collaterally attack his conviction and sentence, except in the rare cases where it is inadequate to do so.").  The narrow exception to the § 2255(e) bar on § 2241 petitions is called the savings clause.  Gilbert v. United

---

[1] The government did not seek to enforce Marshall's plea agreement waiver of his right to collaterally attack his conviction and sentence, and instead addressed Marshall's claim on the merits.  For purposes of this appeal only, we will ignore the waiver and consider the merits of Marshall's claim.  But see Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005) (holding that, because his plea agreement's plain language expressly informed him that he was waiving his right to bring a collateral attack, the petitioner waived his right to bring § 2255 motion).

2

States, 640 F.3d 1293, 1305–06 (11th Cir. 2011) (en banc).

If a petitioner files a § 2255 motion and it is denied, he may not circumvent the restriction on second or successive § 2255 motions simply by filing a petition under § 2241. Antonelli, 542 F.3d at 1351. It is the petitioner's burden to establish the inadequacy or ineffectiveness of the § 2255 remedy. McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).[2]

This Court has endorsed a three-part test that can be used to determine whether § 2255 is inadequate or ineffective to test the legality of a prisoner's detention under § 2255(e)'s savings clause. See Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999). The Wofford test requires a petitioner to show that: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes that he was convicted of a nonexistent offense; and (3) circuit law squarely foreclosed his claim at the time it otherwise should have been raised during his trial, direct appeal, or first § 2255 motion.[3] Id. The merits of a petitioner's claim cannot be considered unless he has

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

[3] In our en banc Gilbert opinion, we explained that when the Wofford panel "stated that the savings clause would permit a prisoner to bring a § 2241 petition claiming that a retroactively applicable, circuit law-busting decision of the Supreme Court established that he had been convicted of a nonexistent crime[,]" that was "only dicta because all Wofford's claims were sentencing claims." Gilbert, 640 F.3d at 1319. In the present case, however, Marshall claims that he was convicted of a non-existent crime, and we use Wofford test to determine whether his

3

"open[ed] the portal" to a § 2241 proceeding by showing that the savings clause of § 2255(e) applies. Id. at 1244 n.3. After he satisfies all three requirements of the Wofford test, he still must establish that he is actually innocent of the crime for which he has been convicted. Id. at 1244 & n.3.

Marshall contends that he could not have brought his current claim in his direct appeal or in his first § 2255 motion because Eighth Circuit precedent foreclosed it.[4] In March 2008 the Eighth Circuit held that in order to convict a defendant of aggravated identity theft under 18 U.S.C. § 1028A(a)(1) the government was not required to prove that the defendant knew that the "means of identification" he unlawfully transferred, possessed, or used actually belonged to another person. See United States v. Mendoza-Gonzalez, 520 F.3d 912, 915–16 (8th Cir. 2008), vacated, 129 S.Ct. 2377 (2009).[5] In Flores-Figueroa, the 2009 Supreme Court decision that Marshall relies on, the Court held that to convict a

claim is saved by the savings clause. See Sawyer v. Holder, 326 F.3d 1363, 1364 (11th Cir. 2003) ("Because we hold that Sawyer was not convicted of a nonexistent offense, and thus, did not meet the second prong of the Wofford test, his Richardson claim does not fall within the purview of the savings clause.") (footnote omitted).

[4] Marshall was originally convicted in a Missouri federal court, where he brought his direct appeal and his first § 2255 motion, so Eighth Circuit precedent is the circuit law that that determines whether "circuit law squarely foreclosed [Marshall's current] claim at the time it otherwise should have been raised." Wofford, 177 F.3d at 1244.

[5] The Eighth Circuit noted that it had addressed a similar issue in an earlier decision, but that decision did not directly address the specific issue, and until its Mendoza Gonzalez decision the court had never "explicitly state[d] that the Government need not prove that a defendant knew the means of identification was that of an actual person . . . ." Mendoza Gonzalez, 520 F.3d at 916 (citing United States v. Hines, 472 F.3d 1038 1039–40 (8th Cir. 2007)).

4

defendant of aggravated identity theft under § 1028A(a)(1) the government does have to show that the defendant knew that the "means of identification" he unlawfully transferred, possessed, or used actually belonged to another person. Flores-Figueroa v. United States, 556 U.S. 646, 647, 129 S.Ct. 1886, 1888 (2009). In May 2009 the Supreme Court granted certiorari and vacated the Eighth Circuit's judgment in Mendoza-Gonzalez, remanding for further consideration in light of its Flores-Figueroa decision. Mendoza-Gonzalez v. United States, 129 S.Ct. 2377 (2009).

Applying the three-part Wofford test, the district court concluded that Marshall's claim did not meet the requirements of § 2255(e)'s savings clause. The parties agree that Marshall has met the first two requirements of the test, placing at issue only the third one. Until 2008, when the Eighth Circuit issued its Mendoza-Gonzalez decision, that court's precedent did not squarely foreclose Marshall's claim that he did not commit aggravated identity theft because he did not know that the social security number he had unlawfully used belonged to an actual person. Marshall had the opportunity to make that argument in his direct appeal and in his initial § 2255 motion, both of which pre-dated 2008. Because his claim was not foreclosed at the times when he could have asserted it, he cannot satisfy the third Wofford requirement. As a result he has failed to "open the portal," which is the threshold requirement for entitlement to § 2241 relief.

5

Wofford, 177 F.3d at 1244 & n.3.  The district court did not err by denying

Marshall's § 2241 petition.

**AFFIRMED.**