[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11356
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-20482-RSR


ROBERT J. MARSHALL,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent - Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 14, 2014)

Before ED CARNES, Chief Judge, TJOFLAT and JORDAN, Circuit Judges.

PER CURIAM:

Robert Marshall, a federal prisoner proceeding pro se, appeals the district court's denial of his motion to amend his original 28 U.S.C. § 2241 petition for a writ of habeas corpus.  Marshall contends that he should be permitted to argue "with greater precision" what he already argued in support of the dismissed petition he seeks to amend.

In dismissing Marshall's original § 2241 petition, which was filed on February 16, 2010, the district court found that the Supreme Court's decision in Flores-Figueroa v. United States, 556 U.S. 646, 129 S.Ct. 1886 (2009), narrowed the knowledge element of 18 U.S.C. § 1028A, the aggravated identity theft statute under which Marshall had been convicted in 2007.  The court also found that the holding in Flores-Figueroa established that Marshall was convicted of a nonexistent offense.[1]  Nonetheless, the district court denied Marshall's original § 2241 petition on the ground that he had failed to establish that applicable Eighth Circuit law[2] squarely foreclosed this knowledge element claim at the time of his guilty plea (February 2007) and when he filed his first § 2255 motion (November

---

[1] Marshall altered one digit of his own social security number without knowing that the altered number belonged to another person.  In Flores-Figueroa, the Supreme Court held that the government must "show that the defendant knew that the means of identification at issue belonged to another person." 556 U.S. at 657, 129 S.Ct at 1894.

[2] Marshall was convicted in a Missouri federal court, where he brought his direct appeal and his first § 2255 motion, so Eighth Circuit precedent is the circuit law that determines whether the "binding precedent had specifically addressed . . . and had squarely foreclosed [Marshall's] claim."  Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1274 (11th Cir. 2013).

2

2007), as required to open the portal to a § 2241 proceeding.   The court specifically ruled that Marshall's claim was not squarely foreclosed until March 28, 2008, when the Eighth Circuit decided United States v. Mendoza-Gonzalez, 520 F.3d 912 (8th Cir. 2008) (holding that to be guilty of aggravated identity theft under § 1028A, the defendant need not know that the stolen means of identification belonged to another actual person), vacated, 556 U.S. 1232 (2009).

This Court affirmed the dismissal of Marshall's original § 2241 petition. Marshall v. United States, 514 F. App'x 936, 938 (11th Cir. 2013).  We determined that "[u]ntil 2008, when the Eighth Circuit issued its Mendoza-Gonzalez decision, that court's precedent did not squarely foreclose Marshall's claim."  Id. at 937–38.

After the Supreme Court denied Marshall's petition for certiorari, 133 S.Ct. 2749 (2013), he filed a motion to amend his § 2241 petition in the district court. Marshall's stated purpose for amending his petition was to argue that the knowledge element claim was, in fact, squarely foreclosed by the 2007 decision United States v. Hines, 472 F.3d 1038 (8th Cir. 2007).  The district court denied Marshall's motion to amend because, among other things, "Hines did not squarely foreclose Marshall's knowledge-element claim" and therefore the amendment would be futile.  That conclusion is correct.

Significantly, Hines is a decision that was cited in Mendoza-Gonzalez — and also in our opinion affirming the dismissal of Marshall's original § 2241

3

petition — as a decision that did <u>not</u> directly address the question of whether the government must establish that a defendant knew that he was stealing the identity of another actual person.   See <u>Mendoza–Gonzalez</u>, 520 F.3d at 916; <u>Marshall</u>, 514 F. App'x at 938, n.5.   In other words, <u>Hines</u> did not squarely foreclose Marshall's knowledge element claim and, perhaps more importantly for purposes of Marshall's motion to amend, it is clear that we gave due consideration to <u>Hines</u> in connection with Marshall's appeal of the dismissal of his original § 2241 petition. Even if we had not, a § 2241 petition may not be amended after we have affirmed a district court's dismissal of the petition, especially not for the purpose of arguing a decision that existed when the petition was filed.

**AFFIRMED.**